## H. L. COBLE v. MARGARET S. COBLE.

(Filed 19 May, 1948.)

### 1. Divorce § 17: Appeal and Error § 40d—

A finding that defendant in a divorce action was about to remove herself and minor children from the State, which finding is in direct conflict with the affirmative allegations of the complaint and is unsupported by evidence, is not binding on appeal.

**2. Divorce § 17: Husband and Wife § 4—**

Where the husband in his divorce action alleges that he had notified his wife that he would no longer live with her as husband and wife, he may not assert the fictional unity of persons for the purpose of maintaining that his domicile was the domicile of his wife and children.

**3. Courts § 2: Constitutional Law § 21—**

Domicile alone cannot confer jurisdiction of the person. but there must be service of process so that there is notice and an opportunity to be heard in order to constitute due process of law.

**4. Divorce § 17—**

The awarding of the custody of the children in an action for divorce is *in rem*, and the court must have jurisdiction over the children, who are the *res*, or must have jurisdiction of the person of their custodian who is given notice and an opportunity to be heard in order to have authority to enforce its decree by coercive action.

**5. Same—**

A decree in a divorce action awarding the custody of the children to plaintiff, entered without service of process on defendant and while defendant and the children are out of the State, is void.

**6. Divorce § 17—**

A divorce action is not instituted so as to give the court jurisdiction to award the custody of the children of the marriage until the court acquires jurisdiction of the person of defendant so as to meet the fundamental requirement of notice and opportunity to be heard. and a decree awarding custody of the children to plaintiff. entered while defendant and the children are out of the State. and without service of process on defendant, cannot be upheld on the ground that it is a temporary remedial decree authorized by G. S., 50-13, since the statute, in so far as it undertakes to vest the court with authority without service of process and without notice, is unconstitutional.

**7. Constitutional Law § 21—**

The contention that an order awarding the custody of the children in a divorce action, entered without jurisdiction over the person of defendant, does not violate due process of law because it affects no substantial right. is untenable, since, although defendant may thereafter apply for a hearing, the burden of proof at such hearing would be upon her and not upon the plaintiff.

**8. Divorce § 17: Judgments § 27b—**

While injunction will not lie to restrain an act which has already been accomplished, this principle is inapplicable to a motion to set aside a void order under which plaintiff has obtained custody of the children of the marriage.

**9. Same: Courts § 2—**

Where the court enters an order without jurisdiction, the court's denial of defendant's motion to vacate the order does not constitute an implied ratification of the original order.

COBLE *v.* COBLE.

APPEAL by defendant from *Armstrong, J.,* at Chambers, in Greensboro, N. C., 18 March, 1948, GUILFORD.　　Reversed.

Civil action for divorce on the grounds of adultery and for the custody of the children born of the marriage, heard upon special appearance and motion to vacate an order awarding the custody of the children to plaintiff.

Plaintiff and defendant are man and wife, living in a state of separation.　On 9 December 1947, plaintiff instituted a proceeding in the juvenile court of Greensboro for the purpose of obtaining custody of the two children born of the marriage.　As notice of the hearing thereon could not be served on defendant, the proceeding was dismissed on motion of plaintiff.

The plaintiff then, on 26 January 1948, instituted this action.　The summons was returned 27 January, unserved for the reason defendant could not be found in Guilford County.　Thereupon, the court, upon motion of plaintiff, entered an order committing the custody of said children to plaintiff.　This order was likewise returned unserved.

Complaint was filed 26 January in which plaintiff alleges, in respect to the proceedings in the juvenile court, "that the defendant removed said minor children and herself from the State of North Carolina and beyond the jurisdiction of this Court for the purpose of escaping the jurisdiction of the courts of North Carolina and to avoid the service of lawful process upon her; that, process having failed, said proceedings in the Juvenile Court were, at the request of the petitioner therein (the plaintiff herein) dismissed."

Order for the service of summons by publication was duly entered 30 January and service thereof was duly made by publication as required by law.

On 14 February, defendant, through counsel, entered a special appearance and moved the court to vacate and set aside the order awarding custody of the children to plaintiff and directing defendant to surrender custody thereof immediately to the plaintiff.

On 15 March, between the date the motion was made and the hearing thereon, plaintiff, in some undisclosed manner, acquired custody and possession of his children near Greenville, S. C.

On 18 March, the court below, after hearing, denied the motion to vacate and defendant excepted and appealed.

*Hines & Boren and Brooks, McLendon, Brim & Holderness for plaintiff appellee.*

*Shuping & Shuping, H. L. Koontz, and Bryce R. Holt for defendant appellant.*

COBLE *v.* COBLE.

BARNHILL, J.   The primary and determinative question presented on this appeal is appropriately stated in appellant's brief as follows:

"Is an order of a Judge of the Superior Court awarding custody of minor children to a plaintiff under G. S. 50-13, made without jurisdiction and in denial of due process of law, when at the time such order was made there had been neither service of summons upon nor notice to the defendant, and when both the defendant and the minor children were without the State?"

In the order awarding custody of the children to plaintiff the court finds "that said defendant is about to remove herself and said minor children from the State of North Carolina and beyond the jurisdiction of the courts of North Carolina."   This finding is unsupported by evidence and is in direct conflict with the positive, affirmative allegations in the complaint.

The plaintiff further contends that the domicile of the husband is the domicile of his wife and children, and so, legally, they were within the State at the time.   Here, too, he is met by his own allegations.   He asserts that after she had been away from his home for some time, flitting from place to place, in and out of the State, in questionable company, she returned to his home; that he declined to live with her; and that she lived in separate quarters in his home, over his protest, until 8 August 1947, when she left.   Even before then he had made a trip to Florida just to notify her "that he would no longer live with her as her husband."   He is not now in position to insist upon any fictional unity of domicile. If any such unity ever existed, for the purpose here invoked, he severed it by his own acts.   *Irby v. Wilson,* 21 N. C., 568.

Hence, we must consider the validity of the order in the light of the fact it was entered without the service of any notice or other process and at a time when both defendant and the children were outside the State of North Carolina.

It takes more than domicile to confer jurisdiction over the person of a party.   He must be served with process within the jurisdictional limits of the court and thus subjected to its orders and decrees, entered after notice and an opportunity to be heard.   If the custody of children is the issue, they must be within the bounds of the State.   *Pridgen v. Pridgen,* 203 N. C., 533, 166 S. E., 591; *Burrowes v. Burrowes,* 210 N. C., 788, 188 S. E., 648; *In re Biggers,* 228 N. C., 743; *Pennoyer v. Neff,* 95 U. S., 714, 24 L. Ed., 565.

The action, as it relates to the custody of the children, is in the nature of an *in rem* proceeding.   The children are the *res* over which the court must have jurisdiction before it may enter a valid and enforceable order. Indeed, a divorce action is so considered, the status being the *res.*   S. v. *Williams,* 224 N. C., 183, 29 S. E. (2d), 744.   It is for this reason service of summons by publication is permitted.

At the time the order was issued, the *res* was not within the jurisdiction of the court. The defendant—the custodian—was not served with notice and was not accorded an opportunity to be heard. This runs counter to the genius of a free people and will not be permitted. The order is void. *In re Samuel Parker,* 144 N. C., 170; *Warlick v. Reynolds,* 151 N. C., 606, 66 S. E., 657; *Armstrong v. Kinsell,* 164 N. C., 125, 80 S. E., 235; *Hart v. Commissioners,* 192 N. C., 161, 134 S. E., 403; *Monroe v. Niven,* 221 N. C., 362, 20 S. E. (2d), 311; *In re Thompson,* 228 N. C., 74; *In re Biggers, supra.*

"It lies at the foundation of justice that every person who is to be affected by an adjudication should have the opportunity of being heard in defense, both in repelling the allegations of fact, and upon the matter of law . . ." *Pridgen v. Pridgen, supra.*

But the plaintiff insists that the order, as a temporary remedial writ or decree, is authorized by G. S. 50-13 and should be so recognized.

Of course, where a parent is about to abscond and take her children beyond the jurisdiction of the court for the purpose of avoiding the service of process, the court may act and act promptly. But even then its order becomes effective and binding only upon service. Any provisional writ, whether attachment, claim and delivery, restraining order, or what not, must find either property or person within the State to which it can attach by seizure or service before it becomes effective.

We unhesitatingly say that in so far as the statute undertakes to vest a judge with authority, without the service of process and without notice, to enter an effective binding order awarding the custody of an infant beyond the confines of the State, it is invalid. *Burrowes v. Burrowes, supra; In re Biggers, supra; In re DeFord,* 226 N. C., 189, 37 S. E. (2d), 516; *McRary v. McRary,* 228 N. C., 714.

It is true that upon the institution of a divorce action the court is vested with jurisdiction of the children of the marriage for the purpose of entering orders respecting their care and custody. But the action is not instituted, within the meaning of this rule, until and unless the court acquires jurisdiction of the person of the defendant, and is subject to the fundamental requirement of notice and opportunity to be heard.

If both parents are in court and subject to its jurisdiction, an order may be entered, in proper instances, binding the parties and enforceable through its coercive jurisdiction. *McRary v. McRary, supra.* But such is not the case here. Neither the infants nor their mother was subject to the jurisdiction of the court at the time the order was entered.

"It is fundamental that a State 'has no power to enact laws to operate upon things or persons not within her own territory' . . . Notice and hearing are essential to due process of law under the Fourteenth Amendment of the Constitution of the United States. McGehee, Due Process of Law, 76; Honnold, Supreme Court Law, 847; *Scott v. McNeal,* 154

U. S., 34, 36, 38 L. Ed., 896, 901 . . ." *Tyson v. Tyson,* 219 N. C., 617, 14 S. E. (2d), 673; *McRary v. McRary, supra.*

The contention that the order affects no substantial right of the defendant cannot be sustained. She has been deprived of the right to be heard on the question of her fitness as well as upon the question of the best interest of her children. *In re Means,* 176 N. C., 307, 97 S. E., 39; *Clegg v. Clegg,* 186 N. C., 28, 38, 118 S. E., 824. To say that she now may be heard is no answer, for she would not meet plaintiff on an equal footing. She would come to bat with two strikes already called on her and could prevail only upon a showing of changed conditions. *Byers v. Byers,* 223 N. C., 85, 25 S. E. (2d), 466. When the action was instituted the children were in her custody and so the plaintiff was the movent, with the attendant burdens. Now he has them and she must carry the laboring oar.

Plaintiff, citing *Yates v. Ins. Co.,* 166 N. C., 134, 81 S. E., 1062, insists that the objective of the order has now been accomplished. Hence the question is moot. The cited case is distinguishable and his position is untenable. The court will not restrain an accomplished fact. Neither will it permit a plaintiff to seize children, outside the bounds of the State, under the guise of an unserved order granted without notice, and then plead *fait accompli.*

The order denying defendant's motion to vacate does not constitute an implied ratification of the original order. *Monroe v. Niven, supra.*

The parties have filed able and interesting briefs in which they discuss every phase of the question raised on this appeal. However, as defendant's motion strikes at the taproot of the controversy—the jurisdiction of the court—we need not trace out the "feeders."

The judgment below is

Reversed.