ALTON G. SADLER v. ALICE McCRAW SADLER.

(Filed 7 June, 1951.)

**1. Divorce § 21: Constitutional Law § 28—Husband invoking jurisdiction of sister state is bound by its decree awarding custody of children.**

Where, after agreement that neither party would remove the children from the State without notice to the other, the wife takes the children and goes to live with them in another state, and plaintiff institutes proceedings in such other state to regain their custody, *held*, the husband, having invoked the jurisdiction of a court of a sister state in respect to matters within its authority, is bound by its decree awarding their custody to the mother, at least so long as the children remain in that state, and such judgment will be given full faith and credit here.

**2. Husband and Wife § 4c: Divorce § 3—**

Where husband and wife separate and she establishes residence in another state, he may not in his suit thereafter instituted against her in this State, maintain that her residence is in this State upon his contention that her domicile is here under the fiction of the unity of persons of husband and wife.

**3. Appeal and Error § 2—**

An order *in personam* directing defendant wife to bring the children of the marriage into this jurisdiction, entered in an action for divorce and for custody of the children, is appealable, since if the wife delay her appeal until the final determination of the action she would have no election but to comply with the order or subject herself to contempt proceedings.

APPEAL by defendant from *Hatch, Special Judge,* June Term, 1950, ORANGE. Reversed.

Civil action for divorce *a mensa* and for custody of the children of the marriage, heard on motion of defendant for alimony; for support of the two minor children of the marriage; and for counsel fees, *pendente lite.*

In September 1949, plaintiff and defendant separated. Prior thereto, on 19 August, plaintiff instituted an action to restrain defendant from taking the children of the marriage out of the State. On the return day of the rule to show cause, the parties agreed that neither would remove the children without notice to the other. Plaintiff then took a voluntary nonsuit. On 29 September, plaintiff instituted another action to restrain defendant from removing the children from the State. A judgment of nonsuit was entered therein on 14 October 1949. In the meantime, on 30 September 1949, defendant took her son, six years of age, and returned to Milledgeville, Ga., where she has since resided.

In October 1949, plaintiff went to Georgia and sued out a writ of *habeas corpus* in an attempt to gain custody of his son. On 31 October, pending the hearing, defendant came to North Carolina and took her

daughter, nine years of age, back to Georgia. On the hearing had on the return of the writ, the court found that by the pleadings in the cause and the evidence offered, the questions of the welfare of said children and the fitness of the parties to have their custody were at issue and awarded the custody of said infants to the defendant with the right of the father to visit them at any time and have them with him at his home in Chapel Hill during the month of August of each year, on condition he give a specified bond. Judgment was entered 8 November 1949.

On 17 February 1950, plaintiff instituted this action. When the cause came on for hearing on the defendant's motion, the court found as a fact "that it would be for the best interests of the two minor children involved in this controversy that they be brought within the jurisdiction of this Court and be made wards of this Court and subject to the jurisdiction of this court;" and ordered:

"(a) That the defendant, Alice McCraw Sadler, bring the two minor children of the plaintiff and defendant, to wit, Virginia Ruth Sadler and Alton McCraw Sadler, into the jurisdiction of this court;"

(b) That defendant be allowed $500 as payment on counsel fees; and

(c) That the cause be continued.

Defendant excepted to paragraph (a) of the order and appealed.

*Victor S. Bryant and Robert I. Lipton for plaintiff appellee.*

*J. M. Watts, Jr., J. J. Fyne, and Douglass & McMillan for defendant appellant.*

BARNHILL, J. The parties to this action are now living separate and apart. Each charges the other with abandonment. After the separation, defendant returned to the State of Georgia where she has since maintained her residence. Under these circumstances the plaintiff may not now assert the fictional unity of man and wife for the purpose of maintaining that his domicile is the domicile of his wife and children. *Coble v. Coble,* 229 N.C. 81, 47 S.E. 2d 798.

Plaintiff is a nonresident of the State of Georgia. Even so, he invoked the jurisdiction of a court of that State. He sought relief in that forum. He was present and voluntarily submitted himself to the jurisdiction of that court with respect of matters within the scope of its power and authority. He, as well as the court below, is bound by the judgment therein entered, at least so long as the children remain in that State. *In re Prevatt,* 223 N.C. 833, 28 S.E. 2d 564; *Commissioners v. Scales,* 171 N.C. 523, 88 S.E. 868.

The decree entered in the proceeding in Georgia instituted by plaintiff must be accorded full faith and credit in this jurisdiction. *Allman v. Register,* 233 N.C. 531.

The court below was without authority to enter any valid order affecting the custody of infants in the State of Georgia. *Coble v. Coble, supra,* and cases cited.

So then, the effect of the order entered in the court below is to compel the defendant, under threat of citation for contempt, deliberately to attempt to defeat the jurisdiction of the Georgia court, already assumed, and bring the children within the jurisdiction of the court below so that it may reconsider the question of custody of the children and, possibly, reverse the decree of a sister State. It is true the courts, to further the ends of justice, may in a proper case, by a decree *in personam,* require a party to an action to do some act in respect to property outside its jurisdiction and to enforce its order through its coercive authority. *McRary v. McRary,* 228 N.C. 714, 47 S.E. 2d 27. But occasion for exercising that authority is not made to appear on this record. It is our duty and privilege to honor and respect the lawful decrees of sister States. It is not the way of courts of this State to attempt to evade or defeat them. That part of the order to which defendant excepts was improvidently entered.

Had the defendant removed the children of the marriage from this State, after the summons and complaint in this cause were served upon her, for the purpose of defeating the jurisdiction of a court of this State, we might take a somewhat different view of the situation.

The appeal here is not, as contended by plaintiff, fragmentary and premature. The defendant was ordered to commit a positive act which would defeat her rights under the Georgia decree. Had she been content merely to enter her exception and delay her appeal until the final determination of the action, she would have had no election other than to comply with the order or else subject herself to the coercive authority of the court.

The quoted paragraph (a) of the order entered to which the defendant excepts must be vacated. The decree, to that extent, is

Reversed.