GEORGE VANCE SMITH, JR., v. GENEVA LEWIS SMITH (DURDEN).

(Filed 15 December, 1954.)

**Divorce and Alimony § 19—**

In determining the right to custody of the children as between divorced parents, decision is rightly made to turn upon the best interests of the children, and the findings of the court in regard thereto are conclusive when supported by evidence, the weight to be given the conflicting testimony being for the court.

APPEAL by plaintiff from judgment of 5 July, 1954, rendered by *Moore, J.,* Resident Judge of the Eighth Judicial District, in Chambers in Burgaw, N. C., from NEW HANOVER.

Motion in cause to determine custody of the four minor children of plaintiff and defendant.

At December 1951 Civil Term, on the ground of two years' separation, plaintiff obtained a judgment of absolute divorce. The cause was retained for further proceedings relating to the children.

It appears that plaintiff and defendant were married 17 July, 1936, and separated in February, 1949, and in June, 1950, defendant took the children and left the State. While the defendant and the children were outside the State, this action was instituted and the divorce judgment obtained. The service of process on defendant was by publication under G.S. 1-98. Both plaintiff and defendant remarried.

The defendant and the children returned to North Carolina in the Summer or Fall of 1953. On 5 June, 1954, plaintiff moved that he be awarded custody of the children. The hearing was on 12 June, 1954. Judgment was signed 5 July, 1954. Incorporated therein are findings of fact, including the following:

"5. That petitioner is not a fit and suitable person to have the custody of said children, his home is inadequate for their care and upbringing, and his home environment is ill suited for the rearing of children."

"6. That the respondent is a fit and suitable person to have the custody, care, nurture and rearing of said children, her home is well kept and has three bedrooms, and the home environment is good."

"7. It is for the best interest of said children that their permanent custody be awarded to the respondent."

Thereupon, the court awarded the permanent custody of the children to defendant, allowing plaintiff restricted privileges of visitation.

Plaintiff excepted and appealed, assigning errors.

*W. P. Burkhimer for plaintiff, appellant.*
*Robert E. Calder for defendant, appellee.*

PER CURIAM. It will serve no useful purpose to narrate the accusations and recriminations between plaintiff and defendant concerning their past misconduct. Decision as to custody, in the light of all circumstances, was rightly made to turn upon what is now for the best interests of the children. *Griffith v. Griffith,* 240 N.C. 271, 81 S.E. 2d 918. The weight to be given the conflicting evidence was for determination by the court below. *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133. Competent evidence supports the findings of fact, the findings of fact support the judgment, and no prejudicial error is shown. Hence, the judgment will be

Affirmed.