GRACE N. WEDDINGTON v. CLAUDE M. WEDDINGTON.

(Filed 28 March, 1956.)

**1. Divorce and Alimony § 17: Habeas Corpus § 3—**

Decree awarding custody of the children of the marriage as between the parents living in a state of separation was entered in *habeas corpus* proceedings. G.S. 17-39. *Held:* Upon the later institution by the wife of an action for divorce, the jurisdiction of the court entering the decree in *habeas corpus* was ousted, and the court in which the divorce proceeding is instituted acquires and retains jurisdiction over the custody of the children until the death of one of the parties or the youngest child reaches maturity, whichever event shall first occur. G.S. 50-13.

**2. Attorney and Client § 3—**

The relation of the attorney of record to an action, nothing else appearing, continues so long as the opposing party has the right by statute or otherwise to enter a motion in the action or to apply to the court for further relief, and while the attorney's name continues to appear of record, the adverse party has the right to treat him as the authorized attorney so that service of notice of a motion in the cause upon the attorney is service on the party himself.

**3. Divorce and Alimony § 17—**

While the adverse party in a divorce action has the right to notice of a motion for the custody of the children of the marriage, G.S. 50-13, such notice served on the attorney of record of the adverse party is valid even though the party be a nonresident, certainly when the notice is also served on him by a process server of the state of his residence.

**4. Same—**

Decree of divorce was entered by a court of this State having jurisdiction of both the parties. Thereafter notice of motion in the cause for custody of a child of the marriage was validly served on the nonresident defendant. *Held:* The court had jurisdiction of the person of defendant, and therefore, its order awarding the custody of one of the children to the resident plaintiff is binding upon the nonresident defendant personally, rendering him subject to the exercise of the coercive jurisdiction of the court to enforce the order, but the child not being within the State, the order is unenforceable as to it.

**5. Infants § 21—**

A court is without power to make a valid order awarding the custody of a child when the child is not within the State, since the court must have jurisdiction before it may enter a valid and enforceable order.

**6. Divorce and Alimony § 20—**

When the court enters or continues an order permitting a child, the subject of its custody decree in a divorce action, to visit its nonresident parent, the court may require the defendant to give bond for the safe return of the infant or impose other pertinent provision before the defendant may be allowed to take the child out of the jurisdiction of the court.

APPEAL by defendant from *Clarkson, J.,* October Term, 1955, MECK-LENBURG.

Plaintiff and defendant intermarried, and two children were born of the marriage. They separated in September 1952. There was a *habeas corpus* proceeding, and on 4 September 1953 the custody of the first child was awarded to defendant, and the custody of the second child was awarded to the plaintiff mother with the right of visitation as to each. In January 1955 plaintiff instituted an action for divorce. The complaint contains allegations as follows:

"4. That there were born to this marriage two children, to wit: Janis Ann Weddington, now age 11 years, and Grace Ellen Weddington, now age 6 years; that the custody of said minor children has heretofore been determined by the court."

A decree of divorce was rendered, but there was no order as to the custody of the children incorporated in the judgment of divorce thereafter rendered 23 February 1955.

In June 1955 plaintiff delivered the second child, Grace Ellen, to the defendant for visitation as provided in the *habeas corpus* proceeding. Defendant, who in the meantime had gone to South Carolina, did not return the child. Plaintiff went to South Carolina, took the child out of school, and carried it back to her home. On 9 September 1955 she filed a motion in the divorce action for an order awarding her custody of Grace Ellen. On 13 September 1955 notice of the motion was served on defendant's counsel of record, and later it was served on defendant by an officer of South Carolina. On 16 September 1955 defendant surreptitiously took the child and carried it to his home in South Carolina.

On 24 October 1955 the defendant, through his counsel of record, made a special appearance and moved to dismiss the proceeding on the grounds that the court had not properly acquired jurisdiction over the person of the defendant or Grace Ellen, who was then in South Carolina. On 27 October 1955 Clarkson, J., entered an order: (1) awarding custody of Grace Ellen to plaintiff; (2) dismissing the special appearance and motion to strike; and (3) directing that Grace Ellen be returned immediately to the plaintiff. Thereupon the cause was continued for further hearing on 21 November 1955. Defendant excepted and appealed.

*C. M. Llewellyn and Ann Llewellyn Greene for plaintiff appellee.*
*John Hugh Williams for defendant appellant.*

BARNHILL, C. J.   In the original action for divorce the plaintiff complied with the requirements of G.S. 50-13 (3rd par.) by alleging that two children were born to the marriage, together with their names and

ages, but she did not at that time pray any custodial or other order in respect to the said children. Perhaps she refrained from so doing on the well-founded assumption that the custodial order entered in the *habeas corpus* proceeding remained in full force and effect until modified by an order entered in this cause. In any event, such is the case.

"So soon as the 'state of separation' between husband and wife resolves itself into, brings about, or is followed by an action for divorce in which a complaint has been filed, the jurisdiction of the court acquired under a writ of *habeas corpus* as provided by G.S. 17-39 is ousted and authority to provide for the custody of the children of the marriage vests in the court in which the divorce proceeding is pending. (Cases cited.) Jurisdiction rests in this court so long as the action is pending and it is pending for this purpose until the death of one of the parties," or the youngest child born of the marriage reaches the age of maturity, whichever event shall first occur. *Phipps v. Vannoy,* 229 N.C. 629, 50 S.E. 2d 906; *Reece v. Reece,* 231 N.C. 321, 56 S.E. 2d 641; *Coble v. Coble,* 229 N.C. 81, 47 S.E. 2d 798; *In re Blake,* 184 N.C. 278, 114 S.E. 294; *Robbins v. Robbins,* 229 N.C. 430, 50 S.E. 2d 183; G.S. 50-13.

The relation of an attorney to an action in which he has made an authorized appearance does not cease, in any case, until the judgment in the court where the cause is pending is consummated, that is, made permanently effectual for its purpose as contemplated by law. The relation of the attorney of record to the action, nothing else appearing, continues so long as the opposing party has the right by statute or otherwise to enter a motion therein or to apply to the court for further relief. *Henderson v. Henderson,* 232 N.C. 1, 59 S.E. 2d 227, and cases cited.

An attorney once appearing continues to appear for all purposes until the judgment is satisfied, unless he retires in the meantime by leave of the court, and so long as his name continues to appear there, the adverse party has the right to treat him as the authorized attorney. *Ladd v. Teague,* 126 N.C. 544. Service of notice on him is as valid as if served on the party himself. *Ladd v. Teague, supra; In re Gibson,* 222 N.C. 350, 23 S.E. 2d 50.

In this connection it is to be noted that the court acquired jurisdiction of the person of the defendant before he left the State, by service of summons in this action and by voluntary appearance herein. But this is a motion in the cause made after the divorce decree was entered. Of this motion defendant is entitled to notice. G.S. 50-13 (1st par.). This notice was served on counsel of record. It was likewise served on the defendant by a process server of South Carolina. Hence as to him the court had jurisdiction to proceed to hear the motion, and the cus-

todial order entered is valid, as against the defendant personally. *McRary v. McRary,* 228 N.C. 714, 47 S.E. 2d 27.

We have repeatedly held, however, that any proceeding involving the custody of an infant child is in the nature of an *in rem* proceeding, and the "custody of the child" is the *res, Hoskins v. Currin,* 242 N.C. 432, 88 S.E. 2d 228, over which the court must have jurisdiction before it may enter a valid and enforceable order affecting the person of the infant, other than in the exercise of its coercive jurisdiction. *Coble v. Coble, supra,* and cases cited; *McRary v. McRary, supra; In re DeFord,* 226 N.C. 189, 37 S.E. 2d 516.

"If both parents are in court and subject to its jurisdiction, an order may be entered, in proper instances, binding the parties and enforceable through its coercive jurisdiction. *McRary v. McRary, supra.*" *Coble v. Coble, supra.*

On the other hand, if the child is not within the jurisdiction of the court, the court is without power to make an order awarding the child's custody. *Gafford v. Phelps,* 235 N.C. 218, 69 S.E. 2d 313, and cases cited. It follows that the court below was without authority to enter any valid order affecting the custody of the infant who was at the time in the State of South Carolina. *Sadler v. Sadler,* 234 N.C. 49, 65 S.E. 2d 345; *Coble v. Coble, supra.* The child must be present in the State and within the jurisdiction of a court of competent jurisdiction before such court may render a valid decree awarding its custody. *Richter v. Harmon, ante,* 373, and cases cited. If the custody of the child is the issue, the child must be within the bounds of the State. *Coble v. Coble, supra.*

The court must have jurisdiction before it may enter a valid and enforceable order. And the presence of the subject matter of an action within the jurisdiction of the court is a requisite of jurisdiction.

We have been informally advised that since the order herein, which is the subject matter of this appeal, was entered, the defendant has delivered custody of the child to the plaintiff, and that it is now in the jurisdiction of the court below. If this be a fact, the plaintiff is at liberty to seek an order herein incorporating in this action the custodial order entered in the *habeas corpus* proceeding or pray any modification thereof as she may desire. Furthermore, if the provision for visitation is continued, the court below may enter an order requiring the defendant to give bond for the safe return of said infant or imposed any other pertinent provision before the defendant may be allowed again to take the child out of the jurisdiction of the court.

The order entered will be modified so as to accord with this opinion. 'As so modified it is affirmed.

Modified and affirmed.