### AIDA S. KOVACS v. GEORGE A. BREWER, SR.

(Filed 20 March, 1957.)

**1. Appeal and Error § 22—**

An exception to findings of fact which does not point out wherein the findings are not supported by the evidence is a broadside exception, and an assignment of error based thereon presents the sole question whether the court's conclusions of law are supported by the findings.

**2. Infants § 21—**

The courts of this State have jurisdiction to hear and determine the question of the custody of a child living with her grandfather at his domicile in this State.

**3. Same: Constitutional Law § 28—**

A modification of provisions of a foreign divorce decree in regard to the custody of a minor child of the marriage, entered in the foreign jurisdiction while the child of the marriage was domiciled in this State with her resident grandfather, is not binding on the courts of this State, and does not come under the full faith and credit clause of the Federal Constitution. Article IV, section 1.

**4. Divorce and Alimony §§ 17, 19—**

In a proceeding under G.S. 50-13 to determine the question of the right to custody of the minor child of parents divorced in another state, decree awarding the custody to the resident paternal grandfather upon findings, supported by evidence, that the welfare and best interest of the child so required, will be affirmed.

APPEAL by petitioner from *Stevens, J.,* at Chambers in Winton, North Carolina, 12 September 1956. From NORTHAMPTON.

This is a proceeding brought pursuant to G.S. 50-13 to determine a dispute concerning the custody of the minor child of the parents who were divorced by a decree of the State of New York.

The order entered pursuant to the hearing in Winton, North Carolina, on 12 September 1956, was signed by consent of counsel at Halifax on 10 December 1956.

This matter was heard before his Honor Henry L. Stevens, Jr., Judge regularly assigned and holding courts of the Sixth Judicial District, at which time and place the petitioner was present and represented by counsel, and the respondent was present and represented by counsel. The minor child, who is the subject of this controversy, was also present, as was her father, George A. Brewer, Jr.

By direction of the court the matter was heard solely on affidavits, pleadings, certain stipulations and petitioner's exhibits, and upon consideration thereof the court found the facts as follows:

"1. That George A. Brewer, Jr., father of Jane Elizabeth Brewer, the minor child who is the subject of this controversy, enlisted in the U. S. Navy in 1946 and has been a member of such service since that date.

"2. That on April 18, 1945, the said George A. Brewer, Jr. married Aida Speciale (now Aida Kovacs). On May 30, 1946, a child, Jane Elizabeth Brewer, was born to said marriage. That they lived together in the marital relation until some time in 1950. That on July 31, 1950, George A. Brewer, Jr. instituted an action for divorce against his wife on the grounds of adultery in the Supreme Court of the State of New York in and for the County of New York. That on January 17, 1951, said Court entered a decree of divorce in favor of George A. Brewer, Jr. against his said wife on the grounds of adultery with Joseph Kovacs, and awarded the custody of the child, Jane Elizabeth Brewer, to George A. Brewer, Sr., the father of George A. Brewer, Jr., and the grandfather of said child.

"3. That immediately after the rendition of the decree awarding custody of said child, the said Aida Brewer went into hiding, taking the child with her, and it was not until on or about September 6, 1951 that the said father or grandfather were able to find the child and her mother. They were found living with Joseph Kovacs at 21 James Avenue in Jersey City and in order to gain the physical custody of the said child, it was necessary for the parent and grandparent to obtain a writ of *habeas corpus* in the Superior Court Chancery Division of Jersey City. Upon a hearing on the return of said writ, physical possession and custody of said minor was granted to the father and grandfather of said child.

"4. That immediately thereafter, the said grandfather returned to his home in Gaston, Northampton County, North Carolina, bringing with him the said Jane Elizabeth Brewer. The domicile of the said George A. Brewer, Sr. is now and has been for more than twenty years, said Town of Gaston, Northampton County, North Carolina.

"5. That since said time the said Jane Elizabeth Brewer has been continuously residing in the home of her grandfather, George A. Brewer, Sr., in Gaston, Northampton County, North Carolina, and at no time has been out of the State of North Carolina.

"6. That immediately following the divorce decree on January 17, 1951, George A. Brewer, Jr. left the State of New York with the intention not to return, and has continuously resided since then in Gaston, North Carolina except for the times that he was on duty in the Navy; has voted in elections held in Gaston Precinct in 1952, 1954 and 1956; that since said time, and in the periods when he owned an automobile, such car has been registered in North Carolina with a North Carolina license plate and the same in the Town of Gaston; that since he left

New York, he has paid his Federal income tax through the Greensboro, North Carolina office; that since he left New York, he has spent his leaves at his home in Gaston, North Carolina with his father, stepmother and child. That at all times since he left the State of New York, and now, George A. Brewer, Jr. has been and is a resident of and domiciled in Gaston, North Carolina.

"7. That George A. Brewer, Jr. is a Machinist Mate First Class in the U. S. Navy with a base pay of $258.00 per month, plus $77.10 for the maintenance of Jane Elizabeth Brewer. That he makes an allotment and pays monthly to his father the sum of $157.10 for the support and maintenance of Jane Elizabeth Brewer.

"8. That on October 2, 1951, and again on November 17, 1952, the petitioner made application in the Supreme Court of the State of New York for the modification of said divorce decree seeking custody of said child for the petitioner. Both applications were denied. That in July 1954, the petitioner married Joseph Kovacs, the person who was named as co-respondent in the divorce action hereinabove referred to, and the person whom the court found as the co-respondent. That in November 1954, the petitioner again applied to said New York Court for a modification of the divorce decree seeking custody of the child for herself. That upon a hearing upon said petition, the court entered a decree awarding such custody. At said hearing, neither George A. Brewer, Sr. nor George A. Brewer, Jr. appeared in person but did through counsel and each submitted affidavits which were considered by the court. The minor child, Jane Elizabeth Brewer, was not present in the State of New York at the time of said hearing, or at any time since her removal from said State in 1951. At the time of said hearing, and since 1951, she has been a resident of and domiciled in Gaston, North Carolina. That neither George A. Brewer, Sr. nor George A. Brewer, Jr. has been in the State of New York since 1951.

"9. That petitioner filed her petition in the present case in the Superior Court of Northampton County on the 24th day of February 1956, under the provisions of Section 50-13 of the General Statutes of North Carolina; summons was personally served on the defendant on February 29, 1956; the defendant filed answer on March 29, 1956.

"10. That George A. Brewer, Sr. is 64 years of age and for more than one year has not required any care for a coronary artery condition or for a diabetic condition. He is able to work, and properly supervise the maintenance and care of his granddaughter, Jane Elizabeth Brewer; that he is senior trustee of the Board of Stewards, teacher of the adult Bible Class of his church school and an active and reliable layman of his church. He is vitally interested in the public schools of his community and in consequence of such church and school interest and activity the environment of his home is suitable for the upbringing

of a child; that George A. Brewer, Sr. owns his residence. It is situated in the corporate limits of the Town of Gaston and located tastefully on a hill, is small, but adequate and neat. The home is attractive in appearance, comfortable and modest. It is complete with bath, hot and cold water, is heated with an oil heater floor furnace and has a gas heater in the fireplace which may be used as auxiliary heat in case of severe weather.

"That Mrs. George A. Brewer, Sr. is a graduate nurse of the Roanoke Rapids, N. C. Hospital, having graduated in 1927; that she is peculiarly qualified to give attention and care to said minor, Jane Elizabeth Brewer; that she has shown, and continues to show, affection and interest in said minor; that she is a teacher of small children in her church school. She is a gentle, loving person, fully qualified in every way to give Jane Elizabeth Brewer motherly care and Christian nurture and training that she needs at this period of her life.

"11. That Jane Elizabeth Brewer was about 5½ years of age when her custody was awarded to her grandfather, George A. Brewer, Sr.; that she has lived continuously since that time with her grandfather and step-grandmother; that she has been a constant attendant at church services and at church school. In church school she has been awarded a pin for uninterrupted attendance for a period of more than five years; that she has been a constant attendant in the local elementary school where she has proven to be a bright and attractive child. She has done well in the scholastic work and has been one of the top-ranking pupils. In 1954, she voluntarily made a public confession of Christ and joined the church of her grandparents of her own free will.

"Said minor is provided with a swing, toys, dolls and doll house and a playhouse. She has many young friends with whom she plays and visits. She has made and enjoys friends in the Town of Gaston not only among those of her age, but with adults also. Her health is good and she has had the doctor only twice since 1951, and that was for a minor upset stomach which lasted only a day. She has grown several inches in height and has gained in weight.

"She has advantages equal to those of any child in Gaston, good schools, supervised playground, recreational facilities, a good home and church training, and above all a sense of being loved and wanted.

"12. That in 1954, when the said New York decree was entered, there was residing in the home of George A. Brewer, Sr., himself, his wife and the son of Mrs. Brewer; that the son of Mrs. Brewer is no longer residing in said home, and it is now occupied only by Mr. and Mrs. George A. Brewer, Sr. and the said Jane Elizabeth Brewer. That the removal of the son of Mrs. George A. Brewer, Sr. provides more space in the home for the convenience and comfort of said child. and

lessens the responsibility of the said Mr. and Mrs. George A. Brewer, Sr. in providing maintenance and supervision for said minor.

"13. That the petitioner, Aida Kovacs, is not a fit and proper person to have the care, custody and control of the minor, Jane Elizabeth Brewer.

"14. That George A. Brewer, Sr. is a man of excellent character, good habits and conduct, and is a fit and suitable person to have the care, custody and control of the minor, Jane Elizabeth Brewer.

"15. That the welfare, interest and development of the child will be materially promoted by allowing her to remain in the custody of George A. Brewer, Sr. and in the environment to which she has become accustomed and upon which in a measure she depends."

The decree entered pursuant to the above findings, in pertinent part, is as follows:

"1. That this Court, in passing upon the care, custody and control of Jane Elizabeth Brewer, is not bound by or required to give effect to the decree of the Court of the State of New York made in 1954 and hereinbefore referred to.

"2. That the petitioner's petition to be awarded the care, custody and control of the said Jane Elizabeth Brewer is hereby denied.

"3. That the care, custody and control of the said Jane Elizabeth Brewer is hereby awarded to the respondent, George A. Brewer, Sr."

The petitioner appeals, assigning error.

*Sylvester & Haimoff, of the New York Bar, Sanford, Phillips, McCoy & Weaver, for petitioner.*

*Gay & Midyette and Eric Norfleet for respondent.*

DENNY, J. The appellant's first assignment of error is based on a single exception to the court's findings of fact numbered one through fifteen and does not point out wherein the findings of fact are not supported by the evidence. Therefore, the exception is broadside and this assignment of error presents nothing for review except whether or not the court's conclusions of law are supported by its findings. *Winborne v. Stokes,* 238 N.C. 414, 78 S.E. 2d 171; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351.

The second assignment of error is based on an exception to his Honor's conclusion of law to the effect "that this court, in passing upon the care, custody and control of Jane Elizabeth Brewer, is not bound by nor required to give effect to the decree of the Court of the State of New York made in 1954, . . ."

Irrespective of the failure of the appellant to challenge by proper exceptions the sufficiency of the evidence to support the court's findings in the hearing below, we are of the opinion that the findings are sup-

ported by competent evidence and that they support the court's conclusion of law challenged by the second assignment of error, and we so hold. *Hoskins v. Currin*, 242 N.C. 432, 88 S.E. 2d 228.

The respondent, George A. Brewer, Sr., having been found to be a citizen and resident of North Carolina, domiciled in said State, to whom the custody of Jane Elizabeth Brewer, then 5½ years of age, was awarded, by the New York Court on 17 January 1951; and the said minor child having been a resident in the home of her grandfather, George A. Brewer, Sr., since September 1951; and her father, George A. Brewer, Jr., having been domiciled in North Carolina since immediately after January 1951, we hold, in the light of these findings, that the courts of North Carolina have the power and authority to hear and determine the question of the custody and welfare of the minor child involved herein. *Richter v. Harmon*, 243 N.C. 373, 90 S.E. 2d 744; *Hoskins v. Currin, supra; Gafford v. Phelps*, 235 N.C. 218, 69 S.E. 2d 313; *In re Biggers*, 228 N.C. 743, 47 S.E. 2d 32; *In re Ogden*, 211 N.C. 100, 189 S.E. 119; *In re Alderman*, 157 N.C. 507, 73 S.E. 126, 39 L.R.A. (N.S.) 988.

We further hold that the modification of the 1951 decree made by the New York Court in 1954, has no extra-territorial effect, and we are not bound by the full faith and credit clause of the Constitution of the United States, Article IV, section 1, to recognize and enforce the modified decree. *In re Alderman, supra; In re Biggers, supra; Hoskins v. Currin, supra.*

An action which relates to the custody of a child is in the nature of an *in rem* proceeding. Therefore, the child is the *res* over which the court must have jurisdiction before it may enter a valid and enforceable order. *Weddington v. Weddington*, 243 N.C. 702, 92 S.E. 2d 71; *Richter v. Harmon, supra; Hoskins v. Currin, supra; Coble v. Coble*, 229 N.C. 81, 47 S.E. 2d 798.

The court below has found that the petitioner, Aida Kovacs, is not a fit and proper person to have the care, custody and control of the minor, Jane Elizabeth Brewer; on the other hand, it has found that George A. Brewer, Sr. is a man of excellent character, good habits and conduct and is a fit and suitable person to have the care and custody of said minor child. The welfare of the child in controversies involving custody is the polar star by which the courts must be guided in awarding custody. *Smith v. Smith*, 241 N.C. 307, 84 S.E. 2d 891; *Griffin v. Griffin*, 237 N.C. 404, 75 S.E. 2d 133; *Gafford v. Phelps, supra; Walker v. Walker*, 224 N.C. 751, 32 S.E. 2d 318; *Story v. Story*, 221 N.C. 114, 19 S.E. 2d 136.

The judgment of the court below is
Affirmed.