HENDERSON COTTON MILLS v. LOCAL UNION NO. 584, TEXTILE WORKERS UNION OF AMERICA (AFL-CIO); TEXTILE WORKERS UNION OF AMERICA (AFL-CIO); DOUG ROSE, NICK LANGLEY, RUFUS STRANGE, M. LUTHER JACKSON, VERNON W. BURNETTE, ANDREW C. TURNER, CARL C. MOORE, RALPH F. HARRIS, WILLARD O. FAULKNER, JAMES B. G. ROBERSON, ALBERT L. BATTON, HENRY W. STALLINGS, EDWARD J. OFTEN, JAMES E. REARDON, RICHARD F. PARROTT, CLARENCE E. HARPER, JOHN E. STALLINGS, JOE HALE, JOHN LONG, HARRY HICKS, EDWIN ELLINGTON, COY L. PEGRAM, SHERMAN FERRELL, FRANK O. TURNER, LINVEL NELSON, SIDNEY WALLACE, PHIL HARRIS, ELMORE MURPHY, MACON RENN, JOHN OWEN, CLIFTON CARTER, SANDY SAM ROBERSON, JAMES BARKER, EDWARD MOSELEY, WILLIAM TART, MELVIN BRAME, HERMAN MULCHI, R. TALMADGE HARPER, BILLY THOMPSON, JOHN G. MULCHI, JAMES M. WILKERSON, AND ALL OTHER PERSONS TO WHOM NOTICE AND KNOWLEDGE OF THIS ACTION MAY COME.

(Filed 2 December, 1959.)

1. **Appeal and Error § 22—**

An exception to the findings of fact and conclusions of law by the court and to the judgment rendered is a broadside exception which does not challenge the sufficiency of the evidence to support the findings of fact.

2. **Appeal and Error § 2—**

The Supreme Court may review the merits of a cause and decide the questions sought to be presented by the appeal when the matter is of wide public interest and concern, notwithstanding that the exceptions are insufficient to present the questions.

3. **Appeal and Error § 49—**

Findings of fact supported by competent evidence are as conclusive on appeal as the verdict of a jury.

4. **Contempt of Court § 6—**

The court's findings of fact, supported by competent evidence, held to support the conclusions of law that appellants willfully violated the terms of a restraining order theretofore issued in the cause and served upon them.

**5. Constitutional Law §§ 31, 37: Contempt of Court § 6: Criminal Law § 155—**

In proceedings under an order to show cause why respondents should not be held in contempt of court for a willful violation of a restraining order, the admission of affidavits tending to show specific acts done by respondents in violation of the order will not be held for error when respondents on the hearing do not object to the admission of the affidavits in evidence, make no motion that they be stricken, and make no request that they be permitted to cross-examine affiants.

HIGGINS, J., not sitting.

APPEAL by respondents, Linvel Nelson, Clifton Carter and Edwin Ellington, from Bickett, J., in Chambers, 12 March 1959 Superior Court, of VANCE.

This case is docketed in this Court as No. 391.

The judgment appealed from decrees that Linvel Nelson, Clifton Carter and Edwin Ellington (hereinafter referred to as "appellants") are in contempt of court "for wilful and intentional violation of the restraining order issued" in this cause on 13 February 1959.

The pertinent portions of the restraining order are set out in the case of *Henderson Cotton Mills v. Local Union No. 584, Textile Workers Union of America (AFL-CIO); Doug Rose, et al., ante,* 240, our case No. 393, decided at this term.

This action was instituted 13 February 1959 and summons, copy of complaint and copy of restraining order were served on each of appellants on 14 February 1959. After notice, duly served on appellants and other defendants, the court, at a hearing in which appellants were represented by counsel, signed an order, dated 5 March 1959, continuing the restraining order until the case should be "heard on its merits." The restraining order was in full force and effect on all dates involved on this appeal.

On 24 February 1959 plaintiff filed a motion in writing and alleged that each of the appellants had violated terms of the restraining order and asked that they be required to show cause why they should not be adjudged in contempt. Affidavits of Henry A. Orr, Jack J. Renn and Curtis Strickland were attached to the motion. On 25 February 1959 the court signed a show cause order. The order together with copy of the affidavits of Orr, Renn and Strickland were personally served on each of the appellants. Appellants filed answer denying the alleged contemptuous acts set out in the affidavits and disclaiming any wilful violation of the restraining order.

There was a hearing on the show cause order before Bickett, J., on 12 March 1959. The affidavits referred to above and an affidavit of

Frank L. Weaver, Jr., were introduced in evidence by movant. Each of the appellants gave testimony in his own behalf; eleven witnesses testified for appellants. The court made findings of fact, concluded that appellants had wilfully violated the restraining order and decreed punishment as follows: (1) Linvel Nelson, 20 days in jail and $150.00 fine; (2) Clifton Carter, 10 days in jail and $150.00 fine; and (3) Edwin Ellington, 20 days in jail and $150.00 fine.

From the foregoing judgment appellants appealed and assigned error.

*Perry & Kittrell, Chas. P. Green, and A. W. Gholson, Jr., for plaintiff, appellee.*

*W. M. Nicholson, James B. Ledford, James J. Randleman and L. Glen Ledford for respondents, appellants.*

MOORE, J. The sole exception in the record is "to the findings of fact and conclusions of law by the court, and . . . to the judgment rendered." This is a broadside exception in that it fails to point out and designate the particular findings of fact excepted to and is inadequate to challenge the sufficiency of the evidence to support the findings of fact. *Kovacs v. Brewer,* 245 N.C. 630, 634, 97 S.E. 2d 96; *Weaver v. Morgan,* 232 N.C. 642, 646, 61 S.E. 2d 916. Ordinarily such exception requires us only to determine whether the findings of fact support the conclusions of law and whether there is error on the face of the record. *Kovacs v. Brewer, supra; Putnam v. Publications,* 245 N.C. 432, 434, 96 S.E. 2d 445. Since this is one of a series of cases heard at this term involving a large number of persons and questions of unusual public importance, we are disposed to relax the rule in this instance and make a thorough examination of the evidence heard in the court below.

Appellants, formerly employees of Henderson Cotton Mills, were on strike. The mill was operating with other employees. Appellants had been forbidden by the restraining order to interfere with free ingress and egress of workers to and from the mill and forbidden to assault, threaten or abuse any person or damage any property entering or leaving the mill premises.

Movants' evidence, consisting of the affidavits referred to, tends to show: On 23 February 1959 about 3:00 P. M., as Elmer Jenks' car came out of the mill gate into Main Street and headed east, Edwin Ellington and Linvel Nelson threw rocks at the car; Jenks stopped the car and got out; "they continued to throw rocks at his car and hit it several times after it had stopped." The windows in the car were

broken. Nelson threw a rock and hit one of the car windows. They also threw rocks and hit William R. Collier's car. On the morning of 24 February 1959 Ellington threw a rock that hit the top of Henry A. Orr's car while Orr was driving toward the mill to go to work. At the same time Clifton Carter rose up from behind a car and threw rocks at Orr's automobile.

Appellants' evidence contradicted movant's evidence in every material particular.

The findings of fact by the court were in accordance with movant's evidence summarized above. The evidence was sufficient to support the court's findings of fact. When thus supported, findings of fact by a judge are as conclusive on appeal as the verdict of a jury. *Milk Commission v. Galloway,* 249 N.C. 658, 663, 107 S.E. 2d 631. The findings of fact amply support the conclusions of law that appellants wilfully violated the terms of the restraining order.

Even so, appellants assign as error the hearing of the cause on affidavits and the denial to them of the opportunity to confront and cross-examine their accusers. This assignment is not based on any exception taken at the hearing. The record shows that there was no objection to the admission of the affidavits in evidence, no motion that they be stricken and no request that appellants be permitted to cross-examine affiants. Appellants were represented by eminent counsel. Had they desired the personal testimony of affiants, request would have been made therefor. The identical question here raised was considered and fully discussed in *Harriett Cotton Mills v. Local Union No. 578, Textile Workers Union of America (AFL-CIO); Johnny Rose, et al., ante,* 218, being case No. 385 of our docket, decided at this term. Further discussion here will serve no useful purpose. The assignment of error is without merit.

The judgment below is
Affirmed.

HIGGINS, J., not sitting.