ANNA BRAKE, PETITIONER, v. ALTON VAN MILLS, RESPONDENT.

(Filed 24 May, 1967.)

**1. Habeas Corpus § 3; Parent and Child § 5—**

The respective rights of the parents to the custody of their children is not absolute and must give way to the controlling consideration of the welfare of the children, and upon findings supported by evidence that neither parent is a fit and suitable person to have the custody of the children, the court may award their custody to a third person.

**2. Same—**

While the abilities of the respective claimants to provide material comforts and advantages to the child are relevant in determining the custody of such child, financial means is of minor significance in comparison with the intangible attributes and qualities which characterize a good home.

**3. Same—**

Upon the mother's petition for the custody of her minor children after the award of their custody to their paternal aunt by the court of another state, a court of this State may deny the petition for insufficient evidence by petitioner that the welfare of the children would be promoted by the change in their custody, and may properly continue the custody in the aunt upon findings supported by evidence that such custody is in the best interest of the children.

APPEAL by petitioner from *Shaw, J.,* out of term, in GUILFORD County, 23 August 1966.

The petitioner is the respondent's former wife and is the mother of his three children, Sharon Anne, Kathy Sue and Alton, Jr., now aged 13, 11 and 7, respectively. She sued for and obtained an absolute divorce from the respondent in the Circuit Court of Santa

Rosa County, Florida, 11 February 1965, that court having previously awarded the custody of the three children to the respondent father "until such other court of competent jurisdiction in the State of North Carolina shall otherwise adjudge." She immediately married Jacob Brake, with whom she now lives in Florida. She brought this action for the custody of the children 3 June 1965, alleging a change of condition. The respondent replied, denying that the petitioner and her present husband are fit and proper persons to have the custody of the children.

The matter was first heard by Latham, S.J., 15 June 1965. He found as a fact that neither parent was at that time a fit or proper person to have the custody of the children and ordered them placed in the custody of their paternal aunt, Mrs. Audrey Zelien, with permission to either party to reopen the matter in six months or thereafter upon showing a change of condition.

Upon motion of the petitioner, the matter was reopened and a series of hearings were had before Shaw, J., who, on 11 January 1966, entered an order continuing the custody of the children in the aunt until the end of that school year, the matter to be then reopened for further hearing.

On the petitioner's motion, the matter was so reopened and further hearings were had. At that hearing, Shaw, J., with the consent of both parties, talked with the three children separately and privately, a transcript of these conferences being supplied to the attorneys for the parties and being included in the present record. Each child expressed a preference to remain in the custody of the aunt. The statement of the elder girl, which is typical of the three being:

> "I like my Aunt Audrey. She is real nice. She is good to us and makes us mind. She requires us to study our lessons on school nights. Sometimes it is a little hard, and she helps us. * * * I would rather live with my Aunt Audrey than to live with my mother."

Each child told the court of cruelty, abuse, beatings and molestation of the girls by their stepfather, Brake, and mistreatment by the petitioner, their mother.

On 23 August 1966, Shaw, J., entered the order, from which this appeal is taken, finding that "the petitioner has not submitted evidence sufficient to enable the court to find that the health, welfare, education and happiness of these children would be materially promoted and served by a change in their care and custody at this time," denying the petition "at this time," inviting counsel to submit for the court's approval a plan for the petitioner mother to ex-

ercise appropriate visitation rights and retaining the cause for further orders.

Affidavits from the teachers of the children in the public schools of the city of Greensboro are to the effect that each is progressing satisfactorily and is happy and well cared for. There is no evidence in the record suggesting that the aunt, Mrs. Zelien, is not a fit and proper person to have their custody or that she has failed in any respect to provide the children with suitable care and affectionate supervision. The father lives nearby and sees the children daily in Mrs. Zelien's home.

In addition to numerous affidavits offered by each party, Judge Shaw heard testimony by the petitioner mother and by Mrs. Zelien, the aunt.

The petitioner appeals *in forma pauperis.*

*B. Gordon Gentry and E. Raymond Alexander, Jr., for petitioner. Cahoon & Swisher for respondent.*

Per Curiam. The petitioner contends that the court below erred in denying her the custody of her children because she had not submitted evidence to show that the health, welfare, education and happiness of her children would be materially promoted by taking them from the custody of their aunt and putting them in the custody of the petitioner, their mother.

We think it obvious that the term "materially promoted," as used in the order of Judge Shaw, means substantially promoted, not financially promoted. We have said many times that the natural right of parents to the custody of their infant children is not lightly to be disturbed, and taking children from a parent's custody cannot be justified by the mere showing that some other person is financially able to offer them greater material comforts and advantages. *Shackleford v. Casey,* 268 N.C. 349, 150 S.E. 2d 513; *Spitzer v. Lewark,* 259 N.C. 50, 129 S.E. 2d 620. See also, Lee, North Carolina Family Law, § 224. The right of the parent is not absolute, however, and, in extraordinary circumstances, the court may find both parents unfit and place the minor child or children in the custody of a third person. *Wilson v. Wilson,* 269 N.C. 676, ..... S.E. 2d ....... In all cases involving the custody of a minor child, the welfare of the child is the controlling consideration. *Thomas v. Thomas,* 259 N.C. 461, 130 S.E. 2d 871; *Kovacs v. Brewer,* 245 N.C. 630, 97 S.E. 2d 96. While the respective abilities of the claimants to provide material comforts and advantages to the child are relevant to this inquiry, this is of

minor significance as compared to the intangible attributes and qualities which characterize a good home.

In October 1964 the Circuit Court of Santa Rosa County, Florida, found the petitioner was not a suitable and fit person to have the custody of these little children. In June 1965 Judge Latham made a similar finding. The evidence before him, which it would serve no useful purpose to recount, amply supported that finding. While affidavits filed before Judge Shaw indicate that the petitioner has gained the respect of her neighbors and associates in Florida, this evidence does not compel a finding that she is now a fit and proper person to have the custody of these children in her home in Florida, and Judge Shaw did not so find.

The testimony of these little children in the privacy of the judge's chambers speaks more eloquently than carefully prepared affidavits. It paints the picture of contented children, safe and secure in a home where they enjoy that happy combination of discipline and affection which promotes the growth of character. There was no error in the refusal of the court below to uproot these children from the home in which they have found these conditions in order that they may be removed from this State and transplanted back into the identical home from which they were removed for their own good by the Florida court.

Affirmed.