### B. B. LATHAM v. W. R. ELLIS.

*Parent and Child—Custody of Child.*

1. A father is entitled to the custody of his children against the claims of every one, except those to whom he may have committed their custody and tuition by deed, or unless he is found to be unfitted for their care and custody.

2. Where the father of an infant upon the death of its mother told the grandparents of the child that the latter should always remain with them, but subsequently desired the custody of the child and upon refusal brought *habeas corpus* proceedings, and it appeared that the father was of good moral character, industrious and kind, and in every way fitted to care for and educate the child, the custody was properly awarded to him.

Petition for writ of *habeas corpus*, filed by B. B. Latham, to obtain the custody and control of his infant daughter, Julia E. Latham, and heard before his Honor *J. D. McIver,* Judge of the Superior Court, in the town of Washington, N. C., on Wednesday, December 5, 1894.

Upon the hearing of the writ the Court awarded the custody of the infant, Julia E. Latham, to her father, B. B. Latham, and directed the Clerk of the Superior Court of BEAUFORT County to tax the cost of the proceedings against William R. Ellis, who detained the said Julia E. Latham. The Court awarded the control and custody of the child to the father, upon the following state of facts, to-wit:

The father, B. B. Latham, is thirty-two years of age, and is a moral, temperate and industrious man, and is in every way qualified to care for, support and educate his children. That he owns woods land, and for a number of years has rented and cultivated lands. That he is a man in good credit with persons with whom he has business transactions, and his general reputation is excellent.

LATHAM *v.* ELLIS.

That on the 24th day of December, 1885, B. B. Latham married Julia F. Ellis, a daughter of Wm. R. Ellis. That there was born of this marriage two children, one a boy now about eight years of age and living with the father, and the other, Julia E. Latham, born January 10, 1889, and now with her grandfather, William R. Ellis. That Julia F. Latham, the wife of B. B. Latham, died ten days after the birth of second child, the said Julia E. Latham. That at the time of his marriage the said B. B. Latham and wife went to live with the parents of the latter, and continued to live with them until the death of the wife. That the said B. B. Latham contributed to the support of the family, the common support of both families. That the said Latham is of a kind and affectionate disposition, and in every way endeavored to promote the welfare and happiness of his family. That after the death of Julia F. Latham the said B. B. Latham still continued to live with the parents of his deceased wife, and to contribute to the common support of both families. That he employed and paid one Olivia Hill to wait upon William R. Ellis and his wife in order that the latter might have more time to devote to the children. That a part of the time since the death of his wife the said B. B. Latham assisted in cultivating the farm of the said W. R. Ellis. That on the day of the funeral of his wife the said B. B. Latham stated to his mother-in-law that he never would take the child Julia from them, and if she would take it he would assist all he could in raising it, and subsequently stated to others ( among whom was an uncle ) that he, Latham himself, never expected to leave the home of W. R. Ellis or to take the child. That William R. Ellis is sixty-seven years of age and his wife is of a corresponding age. That they are people of good character and are attached to the child Julia, and would properly care for and support her. That they are kind to the child and their

general reputation is excellent.    That William R. Ellis owns a farm containing about forty-five acres of cleared land, and, although he is a man of limited means, lives comfortably.

That the said W: R. Ellis has a daughter now living and married, who has several children, but who do not reside with the respondent.    That on the 23d day of November, 1892, B. B. Latham married a second time.    That by the consent of the parents of his first wife, he and his second wife went to live with them, and remained with them until November 22, 1893, when he moved, with his wife and eldest child, to a farm several miles distant.    That since February, 1894, the said Latham has not had the custody or control of his child, although on several occasions he has sent for his child to visit him, and has gone for her on other occasions.    That from the time the said Latham and wife removed from the home of the said W. R. Ellis, the child, Julia, would visit the said B. B. Latham, and this continued until February, 1894.    That since that time the said child has not visited her father, and the said W. R. Ellis and wife refuse to surrender the custody of the child to her father.

Upon this state of facts, the Court being of the opinion that B. B. Latham, the father, is a suitable person, able and willing to support, educate and raise his child, decided, as a matter of law, that the father is entitled to the custody of the child Julia.

From this judgment the said W. R. Ellis prayed an appeal.    Pending the appeal, the Court declined to take said child from the said W. R. Ellis and to give her to the father.

*Messrs. Chas. F. Warren* and *B. B. Nicholson*, for plaintiff.
*Messrs. J. H. Small* and *W. B. Rodman*, for defendant (appellant).

MONTGOMERY, J.: In contests between parents in respect to the custody of their children, whether in suits for divorce, or in *habeas corpus* proceedings where the husband and wife are living in a state of separation without being divorced, the court or judge before whom the suit or proceedings are heard may award the charge and custody of the child or children to either the husband or the wife, as may appear to be for the best interest and welfare of the child or children. *Code*, Sections 1570 and 1661. But in the case before us the contest is not between husband and wife, but it is between the father of the child and her maternal grandparents. Under the common law, the father's claim to the custody of his minor children, under all circumstances, was paramount. The Courts of Chancery, however, upon assuming jurisdiction over the persons and estates of infants, overruled the common law in this particular, and have for a long time exercised the right to commit the custody and tuition of infant children to others than the father, in cases where he grossly and recklessly neglects their interests, or is guilty of course and brutal treatment of them. Chancellor Kent, in 2 Com., 205, writes; "The father, and on his death, the mother, is generally entitled to the custody of the infant children, inasmuch as they are their natural protectors, for maintenance and education. But the courts of justice may in their sound discretion and when the morals or safety or interests of the children strongly require it, withdraw the infants from the custody of the father or mother and place the care and custody of them elsewhere."

In North Carolina the father has always been entitled to the custody of his children against the claims of every one except those to whom he may have committed their custody and tuition by deed (Sec. 1562 of *The Code*); or unless he is found to be unfitted to keep their charge and

116—3

custody by reason of his brutal treatment of them, or his reckless neglect of their welfare and interests, when their care will be committed to some proper person on application to the courts. In our case, the respondents had no written contract or deed from the petitioner-father concerning the custody of the child. In the findings of fact by His Honor, the father was found to be a young man, moral, temperate and industrious, and in every way qualified to care for, support and educate his children, to be possessed of property and in good credit, and of excellent reputation.

There is no error in the ruling of the Court below, in which the child was remanded to the custody of the father, and the ruling of His Honor is affirmed.

Affirmed.