129 S.E.2d 620 (1963)
259 N.C. 49
Gilbert SPITZER and wife, Barbara O'Neal Spitzer
v.
Claude H. LEWARK and wife, Margaret Blades Spitzer Lewark.
No. 19.
Supreme Court of North Carolina.
March 6, 1963.
*621 Russell E. Twiford and Gerald F. White of Aydlett & White, Elizabeth City, for respondent appellants.
No counsel for petitioners.
PARKER, Justice.
Respondents assign as error Judge Bundy's second finding of fact on the ground that there is no competent evidence in the record to support it. This assignment of error is overruled.
The second finding of fact finds support in the joint affidavit of Lindsey and Alma *622 Swindell, the affidavit of Roxana O'Neal, mother of feme petitioner, and in the reports of Dr. Walter A. Sikes, superintendent of Dorothea Dix Hospital, of Dr. Ben E. Britt, clinical director of Dorothea Dix Hospital, and of Emma J. Edwards, director of public welfare of Pasquotank County, to Judge Bundy. There was no objection to this evidence by respondents. Dr. Walter A. Sikes wrote to Judge Bundy on 30 November 1962: "This morning we received a request from Russell E. Twiford, Attorney at Law, Elizabeth City, North Carolina that we send you information concerning Barbara O'Neal Spitzer. We understand a hearing concerning the custody of her child is to be scheduled for Monday, December 3 at 2:30 P.M. before your court." There is in the Record what is termed "Outpatient Clinical Notes" in respect to the feme petitioner from Dorothea Dix Hospital, dated 13 December 1962, which states in part:
"This 31 year old girl with a long history of rather severe schizrophrenia has been out of the hospital for the past twenty-two months, apparently making a comfortable adjustment in view of the rather trying circumstances of her present existence. She has been taking care of her oldest child and has been denied the custody of her youngest child.
* * * * * *
"Information from her, her attorney and members of her family indicate she has done an adequate job of caring for her oldest child and the oldest child appears to be functioning in an adequate fashion during the interview today. The patient certainly appears to be disturbed over loss of her baby and displays obsessive thoughts about the baby to the point that this appears to be one of the major stresses in her life at the present time.
"Mental illness in itself does not necessarily mean incompetence to rear children. Some patients who appear clinically much sicker than Barbara does have proven adequate as parents. While the future course of her illness cannot be predicted with accuracy at the present time, her history does indicate that she has been showing improvement recently. She has been able to remain out of the hospital longer this time than ever before since the onset of her illness. She has been taking medication regularly and has shown a willingness to try to cope with her difficulties, both domestically and psychiatrically. In addition to the improvement in her own intrapsychic condition, the present history indicates there is an improvement in the environmental situation, both within her immediate family and her parent's family, thus promoting a more favorable prognosis for the patient."
On 2 December 1962 Emma J. Edwards, director of public welfare of Pasquotank County, wrote to Judge Bundy as follows: "I believe that she [feme petitioner] has made many adjustments and with the help of the social worker, her mother, and continuing medicine prescribed, she should have the chance to look after her baby. This seems to be her one and only trouble at the present time and that within itself would upset a normal person."
The second finding of fact by Judge Bundy is supported by competent evidence, and is conclusive on appeal. In re Kimel, 253 N.C. 508, 117 S.E.2d 409.
Respondents next assign as error the entry of the judgment. This presents the question whether the facts found support the judgment, and is there error of law apparent on the face of the record. Strong, Supplement to Vol. 1 of N.C. Index, Appeal and Error, section 21.
Judge Bundy awarded the custody of Katrine Anne to her father and mothernot to her mother alone. The appellants are the paternal grandmother of Katrine Anne and her paternal step-grandfather. *623 This is not a proceeding to determine rights of parents inter sese as to the custody of their child.
As a general rule at common law, and in this State, parents have the natural and legal right to the custody, companionship, control, and bringing up of their infant children, and the same being a natural and substantive right may not lightly be denied or interfered with by action of the courts. However, the right is not absolute, and it may be interfered with or denied, but only for the most substantial and sufficient reasons, and is subject to judicial control only when the interest and welfare of the children clearly require it. Latham v. Ellis, 116 N.C. 30, 20 S.E. 1012; Newsome v. Bunch, 144 N.C. 15, 56 S.E. 509; In re Fain, 172 N.C. 790, 90 S.E. 928; Brickell v. Hines, 179 N.C. 254, 102 S.E. 309; In re Shelton, 203 N.C. 75, 164 S.E. 332; 67 C.J.S. Parent and Child § 11 a and c. See: James v. Pretlow, 242 N.C. 102, 86 S.E.2d 759; In re Woodell, 253 N.C. 420, 117 S.E.2d 4.
In 67 C.J.S. Parent and Child § 11 c, page 640, it is said:
"The prima facie right to the custody and care of minor children is generally in the parents, * * * and accordingly, unless the circumstances strongly indicate that a third person should be selected as custodian, * * * a natural parent, father or mother, as the case may be, who is of good character and a proper person to have the custody of the child and is reasonably able to provide for it ordinarily is entitled to the custody as against all other persons, and according to the judicial decisions on the question such as other relatives, including grandparents, or as against an institution."
It seems from the Record before us that the controversy was as to whether or not the feme petitioner was a fit and suitable person to have the custody of her daughter Katrine Anne. There is no evidence that the father of Katrine Anne is not a fit and suitable person to have her custody, and respondents make no contention that he is not a fit and suitable person to have her custody. A study of the home conditions of petitioners made by the Public Welfare Department of Pasquotank County, dated 30 November 1962, appears in the record, and reads in part: "In summary, Mr. and Mrs. Spitzer present a normal home life with ample space, adequate equipment, and financial stability to take care of their two children. They are the natural parents and both express love for both of their children." The Record also shows that the feme respondent has been generous in furnishing financial help to her son, the male petitioner, who is receiving disability benefits from the Veterans Administration, and is also earning $67.00 a week as a civilian worker at a local U.S. Coast Guard Repair Base.
The love of a mother for her child is one of the most powerful of the human emotions. Usually, it is the best guaranty of the child's welfare. The home, though one of narrow circumstances, in which that love finds expression is infinitely more preferable for the child than the home of a wealthier third person with its luxury and social advantages.
"The angels, whispering to one another, Can find, among their burning terms of love,
None so devotional as that of `Mother.'"
Edgar Allan Poe"To My Mother."
The findings of fact of the judge below are very meager. It would have been far more preferable if they had been fuller. However, considering the findings of fact in the light of the theory of the hearing below, and the evidence in the Record before us, the findings of fact suffice to support the judgment awarding the custody of Katrine Anne to her father and her mother.
Courts should never lightly disregard the legal rights of parents to their infant children *624 during their infancy, nor should their natural and emotional ties with their children be overlooked. "* * * the law seeks to work in harmony with nature, and to continue those ties which bind man to his own flesh * * *." Morris v. Grant, 196 Ga. 692, 27 S.E.2d 295.
The judgment below is
Affirmed.