ELOISE LAMM THOMAS v. FRANK H. THOMAS.

(Filed 22 May 1963.)

**1. Divorce and Alimony § 24;    Infants § 9—**

Where plaintiff alleges in her complaint the date she and defendant separated and admits in her reply that she is the mother of a six month's old child, which must have been conceived some fifteen months after the separation, and plaintiff's father testifies that plaintiff told him that the father of her child born after the separation was a person other than her husband, the record supports the court's conclusion that plaintiff is an unfit person to have custody of the children of the marriage.

**2. Same—**

In a hearing to determine the right to custody of the children of the marriage, the court's findings of fact are conclusive if supported by competent evidence.

**3. Divorce and Alimony § 24;    Courts § 9—**

An order awarding the custody of minor children determines the present rights of the parties but is not permanent in nature and is subject to modification for subsequent change of circumstance affecting the welfare of the children, and therefore an order of the court, entered in the wife's action for alimony without divorce, awarding the custody of the children to her does not preclude another judge of the Superior Court from awarding custody of the children to the husband in the wife's later action for absolute divorce under G.S. 50-6 when there is evidence that subsequent to the prior decree the wife had given birth to an illegitimate child.

**4. Divorce and Alimony § 24;    Infants § 9—**

The fact that the father had been convicted of abandonment of his children and ordered to provide for their support does not preclude the

court from finding upon a hearing of a subsequent motion for the custody of the children in a divorce action that the father is a fit and suitable person to have custody of the children when there is uncontradicted evidence upon the hearing that the father has a good reputation in the community in which he lives.

**5. Same— Welfare of children is determinative factor in awarding custody.**

Where the court's conclusions that the mother is an unfit person to have custody of the children and that the father is a fit and suitable person to have their custody is supported by the findings, and it further appears that neither the father nor the paternal grandparents have a suitable home for the children but that the maternal grandparents, with whom the children were then living, have such a home, order awarding the custody of the children to the father on condition that the physical custody of the children be vested in their maternal grandparents and the father pay for their support, will not be disturbed on appeal, the welfare of the children being the determinative factor in the award of custody.

APPEAL by plaintiff from *Morris, J.,* 3 December 1962 Special Term of HARNETT.

Civil action instituted on 20 July 1962, under G.S. 50-6, for an absolute divorce on the ground of two years' separation, which separation began 16 June 1960. Defendant on 24 October 1962 filed an answer, wherein, *inter alia,* he alleged that there was born of the marriage between the parties two children, Connie Sue Thomas, age eight years, and Sandra Mae Thomas, age three years; that, as a further defense and cross-action, since the separation of the parties on 16 June 1960 plaintiff has been living in adultery with one Charles Howard and has given birth to a child now age four months; that plaintiff is an unfit person to have the custody of the two children, and that he is a suitable person to have their custody; and he prays that he be awarded their custody and that the bonds of matrimony existing between him and plaintiff be dissolved. Plaintiff filed a reply on 4 December 1962, in which, *inter alia,* she denies misconduct with Charles Howard, admits she is the mother of a child about six months old, avers defendant is an unfit person to have the custody of the children by reason of his abandonment and nonsupport of the children, and further avers that on 8 February 1961 she, by virtue of G.S. 50-16 (alimony without divorce, custody of children), instituted an action against defendant, in which he was served with process, and in which on 28 February 1961 Judge McKinnon entered an order awarding her the custody of the two children born of the marriage, and requiring defendant to pay $15.00 a week for their support, and that she pleads this in bar of defendant's further defense and cross-action, and prays that the court reaffirm Judge McKinnon's order.

The jury answered the customary issues in the divorce action in plaintiff's favor, and the court entered a judgment on the verdict awarding plaintiff an absolute divorce. From this judgment no appeal was taken.

At the same term Judge Morris had a hearing in respect to the custody of the two children born of the marriage between the parties, and entered an order. In the order Judge Morris briefly summarized the pleadings, and made the following findings of fact:

Plaintiff in her reply admits that since the separation of the parties she has given birth to a child now about six months old, and that the defendant is not its father. In defendant's answer and in plaintiff's reply, each requests the court to determine the custody of the two children born of the marriage. Subsequent to the separation of the parties defendant was tried in the recorder's court of Harnett County for the unlawful and wilful abandonment of his children, and ordered by the court to pay $15.00 a week for their support. Thereafter, plaintiff instituted, by virtue of G.S. 50-16 (alimony without divorce, custody of children), a civil action against defendant, in which an order was entered by McKinnon, J., on 28 February 1961 requiring defendant to pay $15.00 a week for the support of his children, and awarding plaintiff the custody of the two children born of the marriage between the parties. Defendant made payments as required by Judge McKinnon's order until plaintiff left North Carolina with the children and removed to California, where she resided until a short time ago. During her stay in California, one Charles Howard was also in California, and she has given birth to a child by him and has named the child Charles Howard, as admitted by her at the hearing. Defendant is now in arrears in the amounts required to be paid by him under Judge McKinnon's order in the sum of approximately $1,005.00. For most of their lives the two children have lived in the home of their maternal grandparents in Harnett County, which is near the home where their parents lived until their separation. Defendant bears a good reputation in the community where he lives, and lives in the home of his parents, where his brother and wife also live. Defendant's parents are tenants and not employed. Defendant is employed, and earns $60.00 to $65.00 a week. During the tobacco-curing season he goes to Canada, and earns $750.00 to $800.00 net there for curing tobacco. The home of defendant's parents is not equipped with running water, and is not large enough to accommodate defendant's parents, his brother and his wife, and defendant and his two children. Plaintiff's parents are people of good character and reputation, and their home is of sufficient size and equipment to provide adequate accommodations for the

two children. Plaintiff, having admitted in open court that she has lived in adultery with another man, and is the mother of a child other than by her husband, is an unfit person to have the custody and care of the two children born of the marriage between the parties. Defendant is a fit and suitable person to have their custody, though at the present time he has insufficient means to place them in a home sufficient and for their best interests. Based on his findings of fact Judge Morris concluded plaintiff is an unfit person to have the custody of the children, and that defendant and plaintiff's parents are fit and proper persons to have their custody. Whereupon, Judge Morris decreed that the custody of the two children be awarded to defendant, on condition that the physical custody of the children be vested in their maternal grandparents where the children shall live; that defendant shall pay for the support of the children $20.00 a week, and that plaintiff and defendant shall have visitation rights as specified in the order.

From the order of Judge Morris in respect to the custody of the children, plaintiff appeals.

*Neill McK. Ross for plaintiff appellant.*
*Charles R. Williams and Robert B. Morgan for defendant appellee.*

PARKER, J.    Plaintiff assigns as error the following, which Judge Morris in his order calls a finding of fact, but which is in fact a mixed finding of fact and a conclusion: Plaintiff, having admitted in open court that she has lived in adultery with another man, and is the mother of a child other than by her husband, is an unfit person to have the custody and care of the two children born of the marriage between the parties.

Plaintiff contends there is no evidence in the record to support this finding of fact and conclusion. Plaintiff in her verified complaint for absolute divorce alleges: "That on the 16th day of June, 1960 * * * the plaintiff and defendant separated from each other, and have continuously lived separate and apart from each other since said date." Plaintiff in her reply in the divorce action verified on 4 December 1962 states: "It is admitted that the plaintiff is mother of a child about six months of age." Therefore, plaintiff admits in her pleadings that this child six months old on 4 December 1962 was conceived by her about 15 months after she and her husband had separated and since said separation had continuously lived separate and apart. Consequently, plaintiff's pleadings in her divorce action support the finding of fact that plaintiff is the mother of a child other than by her husband. In addition, her father testified before Judge Morris that

plaintiff went to California, he could not remember the date, and that she came back with a child, and told him Charles Howard was the father of the child. We find nothing in the record to support the finding of fact that plaintiff lived in adultery with another man, though a reading of the testimony of plaintiff's father permits a strong conjecture that plaintiff had an adulterous relationship with one Charles Howard in California. We presume that when Judge Morris stated in his order that plaintiff admitted in open court, he referred to admissions in her pleadings in the divorce action. We consider Judge Morris' finding of fact that plaintiff is the mother of a child other than by her husband is amply supported by allegations and admissions in her pleadings in the divorce action, and by the testimony of her father, and that this is sufficient to support the conclusion of the judge that plaintiff is an unfit person to have the custody and care of the two children born of the marriage between the parties. It is elementary learning that Judge Morris' findings of fact based on competent evidence are conclusive on appeal. *McEachern v. McEachern*, 210 N.C. 98, 185 S.E. 684; *Spitzer v. Lewark*, 259 N.C. 49, 129 S.E. 2d 620.

Plaintiff further contends in respect to this assignment of error that Judge McKinnon's order awarding her the custody of the two children born of the marriage, entered in the action instituted by her by virtue of G.S. 50-16, barred Judge Morris in this action from concluding that she was an unfit person to have the custody of these two children; that she has pleaded in her reply Judge McKinnon's order as a plea in bar; and that Judge McKinnon's order awarding her the custody of the children should have been reaffirmed by Judge Morris. This contention is untenable.

The only part of the record in plaintiff's action against defendant, her husband, based on G.S. 50-16 is Judge McKinnon's order. It appears from what is in the record before us and from Judge McKinnon's order that this action was instituted in the superior court of Harnett County, that the parties at the time were residents of this county and are now, and that the two children born of the marriage were living in this county then and are now. The present action was instituted in the superior court of Harnett County. The jurisdiction of matters relating to the custody of these two children was invoked by the same parties in two actions in the same court in the same county. It is indubitable that the superior court of Harnett County had jurisdiction of matters relating to the custody of these children. There is nothing in the record to indicate that either plaintiff or defendant objected to Judge Morris passing on the matter of custody in the divorce action based on G.S. 50-6, or that plaintiff, preliminary to a hearing by Judge

Morris on the merits of the matter of the custody of these two children, insisted that the matter should be heard on a motion in the cause in her action based on G.S. 50-16. Under the particular facts here plaintiff has waived any right she might have to have the question of the custody of these two children passed on in her action based on G.S. 50-16. This Court said in *Montague v. Brown,* 104 N.C. 161, 10 S.E. 186:

> "The pendency of another action when this began, must, under the former practice, have been set up by plea in abatement before pleading to the merits, and now it must be especially averred as a defense, and insisted on, preliminary to a decision upon the merits, though it may be pleaded in the answer, with the denials and allegations of the complaint and other defenses."

See also G.S. 1-127, 1-133, and 1-134.

*Blankenship v. Blankenship,* 256 N.C. 638, 124 S.E. 2d 857, is clearly distinguishable. The defendant in this case instituted an action based on G.S. 50-16 against the plaintiff in this case on 31 January 1958 in the superior court of Warren County, entitled *Nancy Peete Blankenship v. Freneau Merritt Blankenship.* This case, an action for absolute divorce, was instituted on 16 February 1960 in the general county court of Buncombe County. Further, after the decree awarding Nancy Peete Blankenship the custody of the children was entered in the superior court of Warren County, there had been no change of circumstances affecting the welfare of the children before the entry of a decree on 29 March 1961 by the general county court of Buncombe County granting plaintiff's motion that that court take jurisdiction over the matter of the custody of the two children born of the marriage. In the instant case, there has been a material change of circumstances subsequent to the entry of Judge McKinnon's order awarding the custody of the children to plaintiff, in that since that time plaintiff has conceived and given birth to an illegitimate child.

A decree awarding the custody of minor children determines the present rights of the parties to the contest with respect to such custody, is not permanent in its nature, and is subject to judicial alteration or modification upon a change of circumstances affecting the welfare of the children. This is one of the exceptions to the general rule that ordinarily one superior court judge has no power to alter, modify, or reverse the judgment of another superior court judge previously made in the same action. *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133; *Neighbors v. Neighbors,* 236 N.C. 531, 73 S.E. 2d 153; *Hardee v. Mitchell,* 230 N.C. 40, 51 S.E. 2d 884; *In re Means,* 176 N.C. 307,

97 S.E. 39; Strong's N. C. Index, Vol. 1, Courts, sec. 9, p. 655. In the instant case, plaintiff's going to California after Judge McKinnon's order, and returning with a bastard child begotten on her body by Charles Howard was a change of circumstances affecting the welfare of the children, which empowered Judge Morris to alter or modify Judge McKinnon's order if he deemed it necessary to do so to further the welfare of the children.

"The welfare of the child in controversies involving custody is the polar star by which the courts must be guided in awarding custody." *Kovacs v. Brewer*, 245 N.C. 630, 97 S.E. 2d 96.

Plaintiff assigns as error Judge Morris' conclusion that defendant is a fit and proper person to have the custody of the two children born of the marriage. Though the findings of fact do not show defendant as a paragon of fatherly love and care, yet they do show he bears a good reputation in the community where he lives, which finding of fact is unchallenged. We think after a study of the record and of Judge Morris' order this conclusion should be sustained.

The unchallenged finding of fact by Judge Morris is that these two children for most of their lives have lived in the home of their maternal grandparents. Judge Morris awarded the custody of these two children to defendant, on condition that the physical custody of these two children be vested in their maternal grandparents where they live, and required defendant to pay for their support $20.00 a week.

The crucial findings of fact in Judge Morris' order are supported by competent evidence and they support his conclusions, which together support his order. Faced with a difficult problem the able and experienced trial judge seems to have made a wise decision, which will be for the best interest of the two children, the innocent victims of a broken marriage. We cannot forecast the future, but if there should be a change of circumstances adversely affecting the welfare of these children, the court is empowered to act, because all decrees with respect to custody and support of minor children are subject to further orders of the court. *Blankenship v. Blankenship, supra.*

All plaintiff's assignments of error are overruled. Judge Morris' order is

Affirmed.