IN THE MATTER OF THE DETENTION OF KEITH ALEXANDER WHITE BY PATSY P. WHITE.

(Filed 4 November, 1964.)

**1. Habeas Corpus § 3—**

Where the evidence is sufficient to support the court's findings that the father is a suitable person to have custody of his son and that the best interests of the child would be served by awarding the child's custody to him, order awarding the custody to the father is proper, even though the evidence would also support a finding that the child's mother is a fit and suitable person and that the best interests of the child would be served by awarding custody to her.

**2. Appeal and Error § 35—**

Where the court settles the case on appeal upon disagreement of counsel, motion of one party to amend the case on appeal by incorporating therein certain affidavits will be denied when the record does not disclose to what extent, if any, the facts asserted in the affidavits entered into the court's findings.

APPEAL by Patsy P. White from an order of *Johnston, J.,* made in Chambers in FORSYTH on September 3, 1964.

A. J. White (petitioner) and Patsy P. White (respondent), parents of Keith Alexander White (Keith), born July 1, 1956, separated October 2, 1961. On January 9, 1962, they entered into a separation agree-

ment. The agreement provided that respondent should have custody of the infant; petitioner would make weekly payments to the respondent for the support of the child.

On June 30, 1962, petitioner, alleging Keith's best interest would be served by awarding custody to petitioner, filed a petition praying for the issuance of a writ of *habeas corpus*. The writ issued; respondent answered. She denied the allegations of the petition, and asserted the best interest of the child would be served by awarding custody to her. On August 25, 1962, Judge Johnston made an order awarding custody. He recites that the order is made "after a full and complete consideration of the evidence introduced by both parties." He found that the best interest of the child would be served by awarding custody to respondent, "subject to the following terms and conditions: (1) That the respondent not associate with Claude Turner, and (2) That the respondent and the child reside in the home of the maternal grandparents." Respondent excepted to, but did not appeal this order.

On September 1, 1962, Judge Johnston made another order. He directed respondent to appear on September 8, 1962, and show cause why the award of custody theretofore made should not be revoked because of respondent's failure to comply with the conditions there enumerated. At the time fixed, after hearing the parties, Judge Johnston found that respondent had violated each of the conditions enumerated in his order of August 25th. He then found that the best welfare of the child would be served by awarding custody to the father, petitioner; and, on the findings, he made the award of custody. Respondent excepted to the order and gave notice of appeal to this Court, but the appeal was not perfected.

On May 9, 1963, respondent filed a petition with Judge Johnston. She alleged that she had not complied with that part of the order requiring her to live with her parents because they did not have room to accomodate her and her child. She alleged that she had established a suitable home in which she and the child could live, and that the best interest of the child would be served by awarding custody to her. On June 8, 1963, Judge Johnston heard the parties on the petition last filed by respondent. With their consent, and with the approval of counsel representing each, Judge Johnston awarded custody to the father, petitioner, from September first of each year to June 4th of the following year. During this period, respondent was given the right of visitation from 6:00 p.m. Friday until 6:00 p.m. Sunday, and with the right to have custody for one week during the Christmas holidays. Respondent was given custody for the summer months, and petitioner, during

that period, was required to pay $10.00 per week for the support of the child.

In August 1964, respondent made a motion in the cause again seeking custody of the child. She alleged that petitioner was not a proper person and not capable of properly caring for the infant and, because of such neglect, he had failed to make satisfactory progress in his school work. Petitioner answered. He asserted he was competent and would provide proper care. He alleged respondent was associating with Claude Turner, in violation of the conditions set out in the order of August 25, 1962. The court heard the evidence offered by the parties. Based on the evidence, the court found that petitioner was a proper and fit person to have the custody and control of the minor; petitioner's home is a fit and suitable place for the minor to live, and that it is to the best interest of the minor "that he remain in the custody of his father, Alexander J. White." Based on these findings, the court denied respondent's motion, and ordered "that Keith Alexander White remain in the custody and control of his father, Alexander J. White."

Respondent excepted to the findings, and the judgment based thereon, and appealed to this Court.

*Deal, Hutchins and Minor, Edwin T. Pullen and Thomas W. Moore, Jr., for appellant.*
*Buford T. Henderson for appellee.*

PER CURIAM. Each of the parties offered evidence in support of their contentions. The evidence offered would warrant, but not compel, the court to find that either of the parties was proper and fit, and that the best interest of the child would be served by awarding custody to either. In that situation, the findings made by the court are conclusive. *Spitzer v. Lewark,* 259 N.C. 50, 120 S.E. 2d 620. The order, based on the established facts, is proper, G.S. 17-39.1, *Spitzer v. Lewark, supra.*

Upon disagreement of counsel as to what should constitute the case on appeal, Judge Johnston, by order dated September 19, 1964, settled the case on appeal. Respondent now moves in this Court to amend the case on appeal by incorporating therein an affidavit dated September 3, 1964, the date of the hearing, and an affidavit dated September 10, 1964. The record does not disclose to what extent, if any, the facts asserted in the affidavits entered into the court's findings. The motion is denied. The judgment is
Affirmed.