IN THE MATTER OF THE CUSTODY OF TERESA ANN BOWMAN, Minor.

(Filed 2 June, 1965.)

**1. Habeas Corpus § 3—**

The welfare of a minor child and not that of either parent is the criterion for determining custody.

2. Same—

> Where the court finds upon supporting evidence that the best interest of the child requires that her care and custody be awarded the father, with the physical possession to be in the home of the paternal grandparents, such findings are conclusive and support the award of the custody to the child's father with visitation rights to the mother, no abuse of discretion being shown.

APPEAL by respondent from *Braswell, J.,* February 1965 Civil Session of ALAMANCE.

Habeas corpus to determine the custody of 5-year-old Teresa Ann Bowman, the child of petitioner-husband and respondent-wife, who are living in a state of separation without being divorced.

This matter was first heard on December 23, 1964, by Latham, S. J., upon the return of writ issued that day upon petitioner's allegations of apprehension that respondent would remove the child from this jurisdiction. Judge Latham made an order awarding temporary custody to petitioner and setting the matter for a plenary hearing at a later date. On February 2, 1965, Judge Braswell heard the evidence of both parties. It reveals: Petitioner, who had then been regularly employed by Western Electric Company for two years, married respondent on June 5, 1959, when she was under sixteen and still in high school. At the time, she was pregnant with his child, Teresa, who was born December 31, 1959. Thereafter, the parties lived with petitioner's parents in Burlington while respondent finished high school. The marriage was not successful, and the parties finally separated on February 7, 1963. On that date they executed a deed of separation, in which respondent was given "exclusive supervision, custody, care and control" of Teresa, to whose support petitioner agreed to contribute $15.00 a week. Respondent released petitioner from any further obligation to the child and from all obligation to her. Respondent then moved to Greensboro, where she worked as a waitress. Between November 1963 and June 18, 1964, respondent, although not obligated to do so, frequently permitted petitioner to take the child to the home of his parents for extended weekends; and from time to time the parties discussed reconciliation.

Respondent, voluntarily and without any request from petitioner, delivered Teresa to petitioner on June 18, 1964. She told him that she was going west and would reclaim the child when she returned. At that time she was pregnant — with petitioner's child, she testified under oath. He testified under oath that it was not his child. On the day she left he gave her $300.00. She said the money was to help defray the cost of the birth and disposition of the child in Colorado. He said that it was money he gave her to return her rings and a stereo to him and

that he did not know she was pregnant until she wrote him from Denver requesting money for food. He sent her a total of $35.00.

In Colorado respondent gave birth to a baby boy, whom she surrendered to the Welfare Department of Golden, Colorado, for adoption. She then returned to North Carolina. She rented a trailer at a mobile-homes park 7 miles from Burlington and secured a job as a waitress at a steak house, where she works "from eleven until eight, from twelve to nine" and "a split shift from eleven until two and back from five to ten." Her take-home pay is $17.96 a week.

On December 8, 1964, without notice to petitioner, respondent took the child from the home of petitioner's parents, with whom he lives in a large house located on a 4½-acre tract of land. In that home Teresa has her own room. When respondent failed to return the child, petitioner instituted this proceeding.

Upon the final hearing, Judge Braswell found facts which are fully supported by the evidence. Upon the facts found and his evaluation of the parties based on his observation of their demeanor in court, Judge Braswell concluded, and found as a fact, "that it is for the distinct best interest and welfare of the child, Teresa Bowman, that her care and custody be awarded to the father, W. B. Bowman," who "is a fit and proper person to have the care and custody of his minor child." He found, also, that the grandparents are fit and proper persons to have custody of Teresa. Whereupon, he entered an order awarding the custody of the child to petitioner "with the child's physical possession to be in the home of the paternal grandparents, Mr. and Mrs. J. S. Bowman." Respondent was allowed to have the child on Sundays from 1:00 p.m. until 6:00 p.m. From this order respondent appeals.

*Ross, Wood & Dodge for petitioner appellee.*
*Dalton & Long for respondent appellant.*

PER CURIAM. In determining who shall have the custody of the child of a broken home — one of the gravest responsibilities cast upon a Superior Court judge — "the welfare of the child . . . is the polar star . . ." *Kovacs v. Brewer,* 245 N.C. 630, 635, 97 S.E. 2d 96, 100; *accord, Thomas v. Thomas,* 259 N.C. 461, 130 S.E. 2d 871. In making this determination, a judge must be ever on his guard not to substitute the welfare of the parent who appeals to his sympathy for that of the child and not to succumb to the temptation to punish, at the expense of the child, the parent whom he deems the original offender. Respondent here, "deprived by the petitioner of her adolescence at age 15" — as her counsel charges —, lacking the family background of respondent, and having no financial security, is indeed a tragic, sympathetic figure.

And this is true whether the child she left in Colorado be legitimate or illegitimate. She said that she could not cope with the financial and social problems resulting from her broken home and that she could give up her second child because she had not known and loved him for five years as she had Teresa.

The judge made no finding as to the paternity of this second child. He did find, however, that, even if petitioner were the father, "it is still in the best interest of the child, Teresa Ann Bowman, to be in the custody of W. B. Bowman."

"The love of a mother for her child is one of the most powerful of the human emotions. Usually, it is the best guaranty of the child's welfare," Parker, J., in *Spitzer v. Lewark,* 259 N.C. 50, 54, 129 S.E. 2d 620, 623. This rule, however, is not without its exceptions, and the findings of the judge make this case an exception. Competent evidence supports each of the court's findings of fact, which, in turn, support his judgment. The findings are, therefore, binding and render the judgment conclusive on appeal. *In re White,* 262 N.C. 737, 138 S.E. 2d 516; *Kovacs v. Brewer, supra; Clegg v. Clegg,* 186 N.C. 28, 118 S.E. 824. No abuse of discretion is shown. None of respondent's assignments of error can be sustained.

The judgment of the court below is

Affirmed.