MR. AND MRS. DONALD SHACKLEFORD v. MRS. LENORA B. CASEY AND
HUSBAND, DAVID R. CASEY.

(Filed 19 October, 1966.)

**1. Parent and Child § 5—**

The surviving parent has the natural and substantive right to the custody of his infant children, which right the courts may disregard only in the event the welfare of the children requires.

**2. Same—**

Where the father of minor children is in military service and the mother of the children is dead, the father has the right to make arrangements for the actual custody of the children in a person selected by him so long as such custody is proper and does not place the welfare of the children in jeopardy, the welfare of the children being paramount as in all other cases.

**3. Habeas Corpus § 2— Findings held to support order awarding custody to persons selected by father for care of children during his absence in military service.**

The maternal grandparents, the mother being dead, instituted *habeas corpus* proceedings for the custody of the infant children from the paternal grandparents, the father being in military service overseas. The youngest child was in the home of the paternal grandparents and the other two children were in a home for children at the expense of the father. Both of the paternal grandparents worked and it was necessary to place the youngest child during the working day in the custody of a neighbor. The court found that the children's' home is a suitable institution for the care of the children, that the paternal grandparents and the father are of good character and suitable persons to have custody of the children, and that the arrangements of the father for custodial care were sufficiently satisfactory in view of the welfare of the children. *Held:* The court's findings support its order awarding the exclusive custody and control to the father.

**4. Same—**

In determining the right of the maternal grandparents to have the custody of the minor children against the father and the custodians selected by him, the fact that the petitioners' child had been committed as a psychopathic personality and, after treatment, might be returned to the household, and that petitioners, nonresidents, might surrender the children to yet another jurisdiction, are properly considered in determining their right to custody.`

APPEAL by petitioners from *Peel, J.,* January 1, 1966 to June 30, 1966 Sessions, NASH Superior Court.

The petitioners, residents of the State of Texas, by *habeas corpus,* seek to have the Superior Court of Nash County award to them the custody of their three granddaughters, Christina Lenora Ward, age 4, Merlena Beatrice Ward, age 3, and Diana Faye Ward, age 2. They allege, and the court found, they, as maternal grandparents,

are suitable persons for such custody and financially able to care for the children.

The respondents are the paternal grandmother and step-grandfather. They reside in Rocky Mount, Nash County, North Carolina.

The father of the little girls, Nelson Ward, is a resident of Nash County and is now and has been for the past 12 years serving in the Armed Forces of the United States. He is presently stationed at Fort Bliss, Texas. The writ of *habeas corpus* in this case was served on him. He appeared and made demand of the court that the custody of the children be awarded to him.

The mother, Barbara Shackleford Ward, obtained a Mexican divorce from Nelson Ward in June, 1965. In the divorce decree the Mexican court purported to give the father custody of the children for two months each year, and the mother the custody otherwise. Soon after obtaining the divorce, the mother married LeRoy Sanford. She was killed in an automobile accident on October 8, 1965. The children resided with LeRoy Sanford and his parents in Douglas, Wyoming, from the mother's death until December 15, 1965.

On that day, by agreement in writing, LeRoy Sanford permitted Nelson Ward, the father, to have the temporary custody of the children during his army training period at Fort Bliss, Texas, and thereafter they were to be returned to LeRoy Sanford. The father placed the children in the custody of his mother and step-father in Rocky Mount.

Upon the return of the writ, Judge Peel conducted a number of hearings covering a period of 45 days. During the period Judge Peel requested and received from the Welfare Department of North Carolina a detailed report on the suitability of the father for the custody of the children and the suitability of their present surroundings. Likewise, he obtained from the Welfare Department of Texas a similar report relating to the petitioners. The evidence disclosed that the respondents, grandmother and step-grandfather of the children, have jobs that require their absence from home. The two older children have been placed in the Falcon Children's Home, Falcon, North Carolina. The father pays the expenses incident to their care. The youngest child is not yet old enough for admission to the Home. She lives in the home of the respondents who take her to Duke Hospital for the treatment of disfiguring scars which resulted from the automobile accident in which the mother was killed. During work days she is left in the custody of a neighbor between the hours of 7:00 a.m. and 3:00 p.m. while the grandmother is at work.

At the conclusion of the hearings, Judge Peel, on competent evidence, found (1) that the respondents and the father, Nelson Ward, are of good character and suitable persons to have the custody of

the children; (2) that Falcon Children's Home is a suitable institution for child care.

"52. That the two children who have been placed in the Falcon Children's Home are being brought up in a wholesome Christian atmosphere."

That after Diana Faye completes her treatment at Duke and becomes eligible for admission to the Falcon Children's Home, she will probably join her two sisters there. Until that time it is to her best interest to remain as she is now.

Findings Nos. 33 and 34 are to the effect that the petitioners are suitable persons and have a suitable home for raising the minor children *at the present time.* The court further finds:

"35. That, irrespective of the findings of paragraphs 33 and 34, the Court has reservations concerning the desirability of placing the said minor children in the care, custody and control of the petitioners, Mr. and Mrs. Donald Shackleford, and the reasons for the Court's reservations are more fully set out in paragraphs 36 through 38.

"36. That the minor children are ages 2, 3 and 4, and that the petitioner, Mr. Donald Shackleford, is 49 years of age and that the petitioner, Mrs. Donald Shackleford, is 45 years of age.

"37. That the petitioners asked for custody of the children themselves and now say they desire custody for themselves; however, there is unrebutted evidence before the Court that shortly before the case was started, Mrs. Donald Shackleford told Lenora B. Casey that the petitioners wanted to get the children for LeRoy Sanford.

"38. That Mr. and Mrs. Donald Shackleford have a 17-year old son who quit school in the eighth grade and was committed to the State Training School at Gatesville, Texas in August, 1965, for attempted rape, and is still committed to said institution, and that their said son, Jack Shackleford, has been diagnosed 'as a psychopathic personality disturbance antisocial type,' but that said son is reported to be showing improvement.

"39. That it is undisputed, that the petitioners would remove the minor children from the jurisdiction of the Courts of North Carolina if they are awarded custody of the said minors."

The court concluded that notwithstanding the father of the children, because of his military service, is not in a position to exercise personal supervision and control of the children, the present arrangements are sufficiently satisfactory to justify the court in awarding exclusive custody and control to the father. By proper

order the court made the award. The petitioners excepted and appealed.

*Fields & Cooper by Leon Henderson, Jr., for petitioner appellants.*
*T. A. Burgess, John E. Davenport for respondent appellees.*

HIGGINS, J.  As a general rule at common law and under our decisions, parents have the legal right to the custody of their infant children. This natural and substantive right the courts may not lightly disregard. ". . . (A) natural parent, father or mother, as the case may be, who is of good character and a proper person to have the custody of the child and is reasonably able to provide for it ordinarily is entitled to the custody as against all other persons, . . . such as other relatives, including grandparents . . ." *Spitzer v. Lewark,* 259 N.C. 50, 129 S.E. 2d 620.

In this case the father of the children is in the military service. His opportunity to have the active physical custody of the children is limited by reason of the duties required in that service. Necessarily, he must arrange for the actual custody to be lodged in someone whom he selects to act for him. This he has a right to do so long as the custodian he selects is a proper custodian and does not place the welfare of the children in jeopardy. The welfare of the children always comes first. The rule applies where the only living parent is in the military service. *In Re DeFord,* 226 N.C. 189, 37 S.E. 2d 516; *In Re Custody of Bowman,* 264 N.C. 590, 142 S.E. 2d 349; *Thomas v. Thomas,* 259 N.C. 461, 130 S.E. 2d 871.

The evidence offered supports the detailed findings of Judge Peel. They in turn support the award of custody to the father. The court properly considered the situation which will likely prevail if and when the petitioners' minor son is returned to the petitioners' home. Likewise, Judge Peel was properly reluctant to send the children to Texas where the court which now has jurisdiction of them would surrender them to another jurisdiction. *In Re DeFord, supra.* The judgment entered in the court below gives first consideration to the welfare of the children and is supported by the court's conclusions, which in turn are justified by the evidence. The judgment entered in the court below is

Affirmed.