JAMES EVERETT CHRISCOE v. STELLA RELIA STALEY CHRISCOE (DENNIS).

(Filed 23 November, 1966.)

**1. Habeas Corpus § 3—**
Order awarding the custody of children respectively to their paternal aunt and their maternal uncle and their respective spouses upon the court's findings, supported by evidence, that the divorced parents of the children and the second wife of the father were not suitable persons to have the custody and care of the children, and that the best interest of the children required the awarding of their custody in accordance with the order, will not be disturbed.

**2. Same; Appeal and Error § 12—**
Order awarding custody of minor children should not be held in abeyance pending review.

**3. Judgments § 6—**

A decree of the court is *in fieri* during the term and the trial judge has authority during the term to modify or add to its decree.

**4. Costs § 3—**

In proceedings for the award of the custody of minor children, the court has the discretionary power to apportion the costs among the parties. G.S. 6-20.

APPEAL by plaintiff from *Morris, E.J.,* at June 1966 Special Session of RANDOLPH Superior Court.

The plaintiff and defendant, his divorced wife, are the parents of three children — two boys, eight and seven, and a four-year-old girl. The father seeks their custody, which was denied by Judge Morris, and has appealed.

It appears from the pleadings and evidence that plaintiff and defendant had an unhappy marriage, that the plaintiff went to Texas for some eight months, and sent only $25 for his three children during that time.

Upon his return he obtained a divorce and is now married to Faye Keeling Chriscoe. While Thelma, then three years old, was living with them, she was left with her step-uncle, 17 years old. Because he said she cursed he beat her so badly that "it looked like the blood was ready to come out".

The plaintiff's neighbors signed affidavits that they frequently heard them "fussing and cursing". The court found that the plaintiff's present wife is a person of high temper and that it would not be in the best interest of the children to submit them to her custody — which would result if awarded to the plaintiff.

The court found (reluctantly) that their mother is not a fit and suitable person to have custody of the children. She has not appealed.

The court then found that plaintiff's sister, Mrs. Henry Beam, has had the custody of James Colon Chriscoe, the oldest boy, most of his life, that she loves him and treats him as her own child, that he wants to live with her and that his continued residence with her is in his best interest "which the court holds to be the Polar Star" and so awards his custody and that of his younger brother to her.

Judge Morris makes similar findings that the other child, Thelma, loves and is wanted by the mother's brother and his wife, Willie and Reba Hussey, and awarded them her custody.

The plaintiff is given visiting privileges and the right to have the children with him at least thirty days a year.

CHRISCOE *v.* CHRISCOE.

*Ottway Burton for plaintiff appellant.*
*Walker, Anderson, Bell & Ogburn for defendant appellee.*

PER CURIAM.  In his order Judge Morris said that he "feels an uneasiness in submitting these children to her (the present Mrs. Chriscoe's) discipline, custody, care and tuition, and feels that it will not be in their best interest so to do; the court finding, further-more, that the husband, the plaintiff in this cause, has, for certain periods of time, manifested a distinct unwillingness to perform his parental duties, thereby constituting him not a fit and proper person to have the care, custody and tuition of said minor children".

This case presents a pitiful picture. Three attractive children were left by their father, an able-bodied man, for eight months during which he sent a dime a day for their support, $25. Since his re-marriage he has left them in such condition that his 17-year-old brother-in-law beat the little 3-year-old girl so that "there were many places on her legs that looked as though the blood was ready to come out — about eight long marks on her legs, from her panties on down"; that Faye Chriscoe stated * * * "that the baby sitter, my brother, whipped her for saying 'damn' "; then Faye Chriscoe later said that "James Chriscoe had also whipped the child because Thelma had told him a lie, and also for Thelma using the word 'damn' ".

The plaintiff's sister, Vera Beam, made an affidavit that in her opinion the plaintiff and his present wife "are not proper persons to raise these children; that they beat the children unmercifully; fuss at them in loud and boisterous tones, and do not appear to genuinely love either of these children".

The above excerpts are sufficient to justify the court in his finding that "the environment at the place of residence of the plaintiff is not in the best interest of these children" and his further finding that the best interest of the children will be served by making the order of custody set forth in the statement of facts.

His disposition of the matter is in accord with *In Re Bowman,* 264 N.C. 590, 142 S.E. 2d 349, where it is said: "In determining who shall have the custody of the child of a broken home — one of the gravest responsibilities cast upon a Superior Court judge — 'the welfare of the child * * * is the polar star * * *'."

After the court had considered the evidence and heard the argument of counsel he dictated the order complained of, and shortly afterwards the court was adjourned for the day, the order not having been typed and, of course, not signed. That night the plaintiff went to the home where John Edward Chriscoe was and took him to his (plaintiff's) home, saying that he could keep the boy "until

November when the matter was heard in Raleigh". This matter was called to the attention of the judge the following morning and a discussion of possible contempt proceedings was held.

The judge then dictated an order that pending the appeal to the Supreme Court the custody of the children was to be immediately vested with Mr. and Mrs. Beam and Mr. and Mrs. Hussey, to which the plaintiff excepted. In *Joyner v. Joyner,* 256 N.C. 588, 124 S.E. 2d 724, Higgins, J., speaking for the Court, said: "In a custody case the court acquires jurisdiction of the child as well as of the parent. The child thus becomes a ward of the court. The court's duty to its ward should not be held in abeyance pending review." Inasmuch as the dictated order of the judge had not been signed and the matter remained *in fieri* during the term of the court, he was authorized to add to the order the following morning when he decreed that the children should remain with the persons to whom they had been awarded pending the appeal. "The general power of the court over its own judgments, orders, and decrees in both civil and criminal cases, during the existence of the term at which they are first made is undeniable. * * * Until the expiration of the term the orders and judgments of the court are *in fieri,* and the judge has power, in his discretion, to make such changes and modifications in them as he may deem wise and appropriate for the administration of justice." *S. v. Godwin,* 210 N.C. 447, 187 S.E. 560. While the action of the plaintiff in taking the child caused discussion of possible proceedings in contempt, no formal finding to that effect was made and no penalty imposed, and the matter is now moot.

The plaintiff also excepts to the order of the court in which he was taxed with one-third of the costs of the proceeding, the remainder being taxed against Mr. and Mrs. Beam and Mr. and Mrs. Hussey. The latter took no exception to the order but the plaintiff says in his brief that the action of the court "is puzzling * * * it should have been all or nothing." G.S. 6-20 provides that: "In other action costs may be allowed in the discretion of the court unless otherwise provided by law." This statute has been construed as meaning that the taxing of the costs in cases of this type is in the discretion of the trial judge, which discretion is not reviewable. The plaintiff should not complain because he is taxed with only one-third of the costs when it could have been the entire amount, and his exception is not well taken.

Affirmed.