CHARLES WILTON THORNE v. VIOLET LEE THORNE

No. 707DC647

(Filed 16 December 1970)

1. Divorce and Alimony § 24; Infants § 9— award of custody to maternal
   grandmother — insufficiency of evidence and findings

   In this child custody proceeding instituted by the child's father
   against the mother, order of the court awarding custody to the ma-
   ternal grandmother is set aside where the court's determination that
   the best interest of the child would be served by an award of custody
   to the maternal grandmother is unsupported by the evidence and
   findings of fact, and the findings of fact supported by competent
   evidence would support the conclusion that the father is a fit person
   to have custody of the child.

2. Divorce and Alimony § 24; Infants § 9— child custody — rights of
   parent — award to third person

   A court should not take a child from the custody of its parent and
   place it in the hands of a third person except upon convincing proof
   that the parent is an unfit person to have custody or for some other
   extraordinary fact or circumstance.

APPEAL by plaintiff from *Harrell, District Judge,* 23 April
1970 Session of WILSON County District Court.

This is a civil action by Charles Wilton Thorne (father)
against his wife, Violet Lee Thorne (mother), to recover custody
of their four-year-old adopted child, Tony Edward Thorne.
After hearing the testimony of witnesses for both parties, and
argument of counsel, Judge Harrell made findings of fact
which included the following:

"That because of the defendant's mental and emotional
condition and because of her conduct, she is not now a fit
and proper person to have the care and custody of her four
year old, adopted son, Tony.

"On the other hand, the plaintiff, Charles Wilton Thorne,
the child's father, is a healthy, able-bodied man who is
gainfully employed by the State Highway Commission, who
has a well furnished home available for the child and who
has a 'take-home' income of $205.00 every two weeks;

"That this is the plaintiff's only child; that he is an active
church member; that he has exhibited a father's love for
the child and is not unfit to have the custody of the child
although he has at times been abusive of and violent to

the defendant and has contributed to her condition;

"That the plaintiff has a good reputation in the community in which he lives and has made arrangements for assistance to look out for the child while he is on the job;

"That the defendant's mother, is a fit, suitable, proper and competent person to have the care and custody of her four year old grandson, Tony, and the best interest of said child would be served and his general welfare enhanced by the assignment of his custody to the defendant's mother."

From an order dated 8 July 1970 awarding "permanent custody" of Tony Edward Thorne to Rossie Williamson, the maternal grandmother, the plaintiff appealed.

*Valentine, Valentine & Adams, by Robert K. Smith and I. T. Valentine, Jr., for plaintiff appellant.*

*Whitted & Cherry, by Earl Whitted, Jr., for defendant appellee.*

HEDRICK, Judge.

[1]   The plaintiff excepted to and assigns as error the following portion of the court's findings of fact:

"That the defendant's mother is a fit, suitable, proper and cómpetent person to have the care and custody of her four year old grandson, Tony, and the best interest of said child would be served and his general welfare enhanced by the assignment of his custody to the defendant's mother."

The plaintiff also excepted to and assigns as error the court's entry of the order awarding the custody of the child to the maternal grandmother.

These exceptions present the question of whether the finding of fact challenged by the plaintiff is supported by competent evidence and whether the order entered is supported by appropriate findings of fact and conclusions of law.

That portion of the "Order for Custody of Child" challenged by the appellant was denominated by the court as a finding of fact. The appellant insists that it is a conclusion of law. If it be a finding of fact, it is unsupported by any evidence in this record. If it be a conclusion of law, it is not supported by any finding of fact. The only evidence in the record regarding the

maternal grandmother tends to show that she is sixty-two years of age; that she is employed every other day from 6:30 a.m. to 6:30 p.m., and that she lives with her eighty-year-old husband. The record is silent as to how "the best interest of said child would be served and his general welfare enhanced by the assignment of his custody to the defendant's mother." The court made findings of fact with respect to the plaintiff, father, as follows:

> "On the other hand, the plaintiff, Charles Wilton Thorne, the child's father, is a healthy, able-bodied man who is gainfully employed by the State Highway Commission, who has a well furnished home available for the child and who has a 'take-home' income of $205.00 every two weeks;

> "That this is the plaintiff's only child; that he is an active church member; that he has exhibited a father's love for the child and is not unfit to have the custody of the child although he has at times been abusive of and violent to the defendant and has contributed to her condition;

> "That the plaintiff has a good reputation in the community in which he lives and has made arrangements for assistance to look out for the child while he is on the job; . . . . "

The court's findings of fact with respect to the father are supported by competent evidence in the record, and would support the conclusion that the father is a fit person to have the custody of his four-year-old child. *In re McCraw Children,* 3 N. C. App. 390, 165 S.E. 2d 1 (1969). The trial court's statement that the father is "not unfit" is neither a proper finding of fact nor conclusion of law. It is the duty of the judge to make findings of fact and from those findings to make conclusions of law.

G.S. 1A-1, Rule 52(a)(1), Rules of Civil Procedure, provides:

> "(1)　In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

[2]　"A court should not take a child from the custody of its parents and place it in the hands of a third person except upon convincing proof that the parent is an unfit person to have custody of the child or for some other extraordinary fact or

circumstance." Lee, North Carolina Family Law, § 224, p. 25. See also *Shackleford v. Casey*, 268 N.C. 349, 150 S.E. 2d 513 (1966) ; *James v. Pretlow*, 242 N.C. 102, 86 S.E. 2d 759 (1955).

For the reasons stated, the order appealed from is reversed and the case remanded to the District Court of Wilson County for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges CAMPBELL and BRITT concur.