MICHAEL ROBERTS AND BRENDA ROBERTS v. JULIA ROBERTS AND JUANITA ROBERTS

No. 7428DC1016

(Filed 19 March 1975)

1. Infants § 9— child custody — hearing disability — ability to provide care — past care

In a child custody proceeding, findings that the child has a severe hearing disability for which she has been fitted with a hearing aid and

Roberts v. Roberts

has received speech and language therapy, findings pertaining to petitioners' ability to provide proper medical care and the availability of special treatment for the child's disability where petitioners live, and findings pertaining to the type of care the child had received in the past and the abilities of the parties to care for the child in the future were relevant to the court's determination of the fit and proper persons to have custody of the child.

2. **Infants § 9— child custody — sufficiency of evidence to support findings**

The evidence supported the court's findings in a proceeding in which the court awarded custody of a child to its maternal uncle and aunt rather than to its mother or maternal grandmother.

APPEAL by respondents from *Weaver, Judge.* Judgment entered 28 August 1974 in District Court, BUNCOMBE County. Heard in the Court of Appeals 18 February 1975.

This is a civil action, filed pursuant to G.S. 50-13.5, seeking custody of a minor child. Following the presentation of evidence by both petitioners and respondents, the trial court entered the following order awarding custody of the minor child to petitioners:

"THIS CAUSE coming on to be heard on a Petition filed on the 15th day of July, 1974 for custody of Angela D. Roberts, a minor child born on September 18, 1971, to Juanita Roberts, before the Undersigned Judge Presiding over the District Court of Buncombe County and it appearing to the Court that all parties are before the Court and that the Petitioners are represented by George W. Moore, Esq., and that the Respondents are represented by Floyd Brock, Esq., and the Court after hearing the evidence of all parties hereto makes the following

FINDINGS OF FACTS

1. That the Petitioners are citizens and residents of Prince George's County, Maryland and are maternal uncle and aunt of the said minor child.

2. That the Respondents are citizens and residents of Buncombe County, North Carolina; that the Respondent, Juanita Roberts is the mother of the said minor child and that the Respondent, Julia Roberts is the maternal grandmother of the said minor child.

3. That the said minor child is an illegitimate child and that the present whereabouts of the said father are not known.

4. That the said child is physically present in the State of North Carolina.

5. The said minor child has a profound sensorineural hearing loss bilaterally which loss was identified when the said child was approximately 13 months old at the Speech and Hearing Clinic, Memorial Mission Hospital in Asheville; the child was at that time fitted with a hearing aid and received speech and language therapy.

6. On or about the 31st day of December, 1973, the Petitioners requested permission to take the said child to their home in Hyattsville, Maryland, in order to provide necessary medical aid and training for the child; the Respondent Juanita Roberts agreed for the Petitioners to do so and executed a statement to such effect.

7. The Petitioners and the said child enrolled in the Parent-Infant Program for the Hearing Impaired in Landover, Maryland, which program consisted of intensive auditory training and speech and language stimulation activities.

8. The Petitioners have enrolled the said child in the Prince George's County Pre-School Total Communication class.

9. That the Petitioners have enrolled the minor child in a testing and research program for children with hearing losses at Johns Hopkins University Hospital.

10. On or about the 26th day of May, 1974, the Respondents came to the Petitioners' home in Maryland, removed the said child and brought her back to North Carolina where she has remained in the custody of the Respondent, Julia Roberts.

11. The Petitioners maintain a suitable and proper home in Hyattsville, Maryland, and are financially able and willing and anxious to support the said minor child and to care for her and provide her with the necessary training and assistance to allow her to develop to her fullest capability and potential; the Petitioners are fit and proper per-

Roberts v. Roberts

sons to be awarded the care and custody of the said minor child.

12. That the Respondent, Juanita Roberts has not at any time since the birth of the said minor child provided a fit or suitable home environment for the said child and has not at any time had physical custody of the said child; the Respondent Juanita Roberts is a lesbian; the said Respondent Juanita Roberts does not maintain a fit and proper home for the said child.

13. That the Respondent Julia Roberts owns a home in Asheville, North Carolina wherein she resides with her daughter, Jean Roberts who is unmarried and has a minor child.

14. That the Respondent Julia Roberts is a fit and proper person to be awarded custody of the said minor child; however, the said Respondent is _____ years of age and employed full time at the Vanderbilt Shirt Company in Asheville and is not able to provide the everyday care necessary for the said minor child.

15. That the Petitioner Michael Roberts is employed as an electrical engineer with the Westinghouse Corporation in Washington, D. C. and has an annual income of $11,000.00.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

1. That this cause is properly before this Court and this Court has jurisdiction of all parties hereto.

2. That the Petitioners, Michael Roberts and Brenda Roberts are fit and proper persons to be awarded the custody of the minor child Angela D. Roberts and it would be in the best interest of the said minor child to be placed in the custody of the said Petitioners.

3. That Respondent, Juanita Roberts, the mother of the said minor child is an unfit person to have the custody of the said child and the said Respondent does not maintain a suitable or proper home for the said child.

BASED UPON THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the Petitioners Michael Roberts and Brenda Roberts are hereby awarded custody of the minor child, Angela D. Roberts and that the said Petitioners shall maintain custody of the said child at their home in Hyattsville, Maryland.

This the 28 day of August, 1974.

s/ ZEBULON WEAVER, JR.
Judge Presiding".

Respondents appealed.

*George W. Moore for petitioner appellees.*

*Pope and Brown, by Ronald C. Brown, for respondent appellants.*

MORRIS, Judge.

[1] In their first assignment of error respondents maintain the trial court included irrelevant and improper findings of fact in its order dated 28 August 1974, awarding custody of Angela Roberts to the petitioners. More specifically, respondents contend that findings of fact numbers 5, 6, 7, 8, 9, 11, 13 and 15 and conclusions of law number 2 are irrelevant. We disagree. We conclude that the fact that the child has a severe hearing disability, for which she has been fitted with a hearing aid and has received speech and language therapy, was a relevant factor for the court to consider in determining whether petitioners were fit and proper persons to have custody of the child. Findings which pertain to the petitioners' ability to provide proper medical care and to the availability of special treatment for the child's disability in Maryland likewise were relevant to this question. Finally, in our opinion, an inquiry into the type of care the child has received in the past and the abilities of the respective parties to this action to care for the child in the future also was proper in this case. This assignment of error is overruled.

[2] In their sole remaining assignment of error respondents contend certain of the trial court's findings of fact and conclusions of law are not supported by competent evidence. Respondents specifically point to findings of fact numbers 6, 11,

12 and 14 and conclusions of law numbers 2 and 3. It is well settled that in a hearing to determine the right to custody of children, the court's findings of fact are conclusive on appeal if supported by competent evidence. *Thomas v. Thomas*, 259 N.C. 461, 130 S.E. 2d 871 (1963). At the hearing petitioners testified that the child was illegitimate and that her mother was a lesbian; that the child had lived with her grandmother in North Carolina; that the child had a severe hearing disability; that with the mother's consent they took the child to their home in Maryland for treatment and enrolled her in various special programs and worked with her at home, and that the child was showing improvement when the grandmother came and took her back to North Carolina. Petitioners also testified regarding their ability to provide and care for the child and the inabiltiy of respondents to properly provide and care for the child.

In our opinion, there is competent evidence to support each of the trial court's findings of fact. Therefore, this assignment of error is overruled and the decision of the trial court is hereby affirmed.

Affirmed.

Judges BRITT and ARNOLD concur.